This is a suit instituted by appellant against Saena M. Mussett, John Mussett, A. C. Markley, John H. Davis, and S. M. Barlow, receiver of the estate of said Davis, to recover lot 8, in block 126, Western division of the city of Laredo, which she claimed was her separate estate, and had been sold by her husband, A. C. Markley, to John H. Davis on September 9, 1915, and Davis, on September 23, 1915, conveyed the land to Saena M. Mussett, wife of John Mussett. There was a plea in the alternative for a judgment against Davis and Barlow for the value of the lot. The court rendered judgment for appellant as against Davis and his receiver for $1,500, and in favor of the Mussetts for the land.
The findings of fact of the trial judge, which are not attacked by either of the parties, are as follows:
"(1) The property involved in this suit, to wit, lot No. 8, block No. 126, of the Western *Page 127 
division of the city of Laredo, Webb county, Texas, was purchased by plaintiff from James Tucker and wife on the 25th day of November, 1872; that James Tucker and wife executed a deed conveying said property to plaintiff, which was duly recorded in the deed records of Webb county, Texas, on May 10, 1873, and recorded in volume 4, page 628, of the Deed Records of said county; said conveyance was made to `Rebecca C. Markley.' then the wife of A. C. Markley, but contained no recital or clause indicating that said land was conveyed to Rebecca C. Markley as her separate property, or that her separate funds paid for said land, and contained no clause limiting the estate granted to her separate use and benefit.
"(2) The plaintiff paid the purchase price of said lot out of her separate funds with money given her by relatives.
"(3) On the 9th day of September, 1915, the defendant A. C. Markley, the husband of plaintiff, executed a deed whereby he conveyed said property, with other property, to the defendant John H. Davis, for a recited consideration of $17,000, which covered amounts which A. C. Markley owed and was due the Milmo National Bank. Jno. H. Davis, and Mrs. _____, of San Antonio, said Davis cancelling amounts due him and assuming said indebtedness due the other parties in consideration of said conveyance of the town lots and the farm, which deed was recorded in the deed records of Webb county, Texas, September 10, 1915, and recorded in volume 65, page 144, of the Deed Records of said county; that plaintiff did not join in the execution of said deed.
"(4) On September 23, 1915, the defendant John H. Davis made, executed, and delivered to the defendant Saena M. Mussett, wife of John W. Mussett, a deed of conveyance, conveying to her the property involved in this suit, for a consideration of $1,200 cash paid; said deed was recorded October 4, 1915, in volume 64, page 412, of the Deed Records of said county.
"(5) At the time of the conveyance of said property by A. C. Markley to John H. Davis, the said Davis had information given him prior to said time that property had been purchased by her with her own separate funds, and that she claimed to own the same in her own right.
"(G) For several years prior to the 9th day of September, 1915, the plaintiff rented the lot in question to Dr. J. T. Halsell, and said lot was inclosed by him, and used and enjoyed by said tenant and plaintiff authorized others to collect the rent on said property from Dr. Halsell, and paid the same to plaintiff up to and including the month of September, 1915, and A. C. Markley never at any time exercised control over said property, or collected rents therefrom, and never claimed ownership thereof against plaintiff up to September 9, 1915.
"(7) At the time of the purchase of said property by the defendant Saena M. Mussett, neither she nor her husband, John W. Mussett, had notice of the claim of said property by plaintiff, and plaintiff claimed that she purchased same with her separate funds, except such notice as may be presumed from the fact that said property was in the possession of Dr. Halsell, who had arranged with plaintiff to use and occupy said lot for a certain sum per month, Mussett never having heard of such arrangement by plaintiff with said Halsell. In purchasing said property the defendant John W. Mussett acted as the agent and on behalf of his wife, Saena M. Mussett; and said John Mussett knew that said lot was in the possession of Dr. Halsell, who was the tenant of plaintiff, but said Mussett had no information that said Halsell was not the tenant of both A. C. Markley and plaintiff. Rebecca C. Markley, the wife of said A. C. Markley; and John W. Mussett made no inquiry of said tenant as to the nature of his claim or occupancy of said property, or of any one else."
The facts justify the additional conclusions that A. C. Markley consulted an attorney as to his authority to convey the land, and he then sold to Davis, who knew that the lot belonged to the wife, and he in a short time sold this lot, as well as other property of appellant obtained by him from A. C. Markley, to people who afterwards claimed it as innocent purchasers. It is rather peculiar that, although Davis did not speak to them about the purchase of the lot, the Mussetts and Martins, in a remarkably short time thereafter, sought him with a view to purchase the property, and in a very short time did purchase, and now claim to be innocent purchasers.
When this lot was bought by the Mussetts, appellant was clothed with authority to control, manage, and dispose of her separate property. Article 4621, Rev. Stats. The deed was in her name, without stating in terms that the lot was her separate estate, and undoubtedly, before the article in question was enacted, the presumption would arise that it was community property; but when such deed is accompanied with possession by appellant, when she has for many years had the sole control of the land, when she has rendered it for taxation and paid the taxes, and when at the very time the Mussetts bought the land from Davis they knew that Dr. Halsell was not the tenant of Davis, but was the tenant of either appellant alone or of her and her husband, the presumption would be destroyed. The court found that Mussett knew the land was not in the possession of Davis, and on that finding should have rendered judgment for appellant. Moore v. Chamberlain (Sup.) 195 S.W. 1135.
We have this day rendered a decision in the case of Rebecca C. Marklcy v. Martin et al., 204 S.W. 123, which is a companion to this, and there is a full discussion of the points involved in this case in that decision, and we need not further discuss them.
The judgment is reversed, and judgment here rendered that appellant recover from appellees the lot for recovery of which this suit was instituted, with all costs in this and the lower court incurred.
 On Motion for Rehearing.
It was not called to the attention of this court that the Mussetts had vouched in John H. Davis on his warranty, and sought a judgment against him in case Mrs. Markley recovered, for the sum of $1,200, with interest, and that he had admitted his liability, and consequently such judgment was not rendered by this court. However, on its own motion, this court amends its former judgment so as to render judgment in favor of Saena M. Mussett and John W. Mussett against John H. Davis for the sum of $1,200, with 6 per cent. interest from September 23, 1915, and all costs in this behalf expended. *Page 128