## McCARTHY v. FIFTY–FIFTY AUTO LIVERY et al. (No. 9276.)

Court of Civil Appeals of Texas. Galveston. April 8, 1929.

Conley, Renfro & Keen, of Beaumont, and Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

Gordon O. McGehee and R. H. Ward, both of Houston, for appellees.

LANE, J. Fifty-Fifty Auto Livery is a corporation engaged in business on Texas avenue in the city of Houston. It conducts what is known as a taxicab business, and in connection therewith it rents automobiles to be driven by renters or lessees. In the taxicab business it uses exclusively Chevrolet automobiles, which have printed on each of them the figures "50-50." These cars are driven by their employees and are under the corporation's control. The rent cars are Ford cars and are driven by the renters,·who are not under the control of the corporation.

As McCarthy was walking along the sidewalk on Texas avenue in front of the corporation's garage he came in contact with an automobile and suffered serious injury. He brought this suit against the Fifty-Fifty Auto Livery, hereinafter referred to as the corporation, to recover actual damages in the sum of $12,603.25 and $5,000 exemplary damages. He alleged that he suffered his injuries through the wanton and negligent act of one of the corporation's employees in driving one of its taxicabs, a Chevrolet automobile, against him.

The corporation answered by a general denial and by special allegations that the person operating the car which caused the accident that resulted in the injury to McCarthy was not an agent, servant, or employee of it, but, to the contrary, such car was a Ford car driven by one not in its employ, to whom it had rented and who was in no manner under its control and for whose acts of negligence it was not responsible. It also pleaded contributory negligence on the part of McCarthy.

That McCarthy was struck and suffered injury as alleged by him is an issue clearly raised by the pleadings not necessary to be here discussed, as the trial court gave the jury impaneled to try the cause a peremptory instruction to return a verdict for the corporation upon his conclusion that it was shown as a matter of law that the car which struck and injured McCarthy was a Ford driverless car, as contended by the corporation.

McCarthy testified that as he was walking along Texas avenue and got in front of the garage of the corporation he was struck by a Chevrolet automobile which had on it "50-50"; that it was a regular taxicab; that the taxicab which struck him was driven by one man; that there was only one person in the car which struck him; that this man was dressed in a blue serge suit—a working suit for a driver; that he was dressed like an ordinary taxicab driver.

Testifying further, he said: "With reference to whether it was a Coach or Sedan, I am not up like that on automobiles. If one has two doors and one has one door, it was a Sedan. It had two doors. This '50-50' was on the top of the car. I guess you call it the top of the roof. It was not on the windshield or on the radiator. It was above the windshield on the top of the car. The color of the figures was red, I think. I think they were red. With reference to what other marks or letters was on the car, the name Chevrolet was on it. It was on the radiator where it always is. With reference to whether there was any other distinctive marks on the car, I did not examine it thoroughly. I know a Chevrolet when I see it. Since I was hurt, I do not believe I have made any examination of a Chevrolet car, but I did before that. * * * Since the accident, I have passed 1212 Texas Avenue quite often. I was looking for the driver. I did not examine the cars on any of these occasions. It was not necessary for me to look at them. I know a Chevrolet when I see one. I examined them because I figured on buying one. * * * The only car I looked at was the one that struck me.

"I did not notice the number of that car.

The figures '50-50' was close to the roof. That is all I wanted to see. I thought that was all that was necessary. I did not see 50-50 on the side of the car and not on the back. It was facing me, and I could not see on the back or the side of it. * * * I inspected the car as soon as they took me in to the garage. It stood there several minutes. I looked at it from the inside of the garage. That's where I saw it."

Garcia, a Mexican, who was in the Ford driverless car with one Canal was presented to McCarthy, and on rebuttal he testified: "The man who is standing up (Garcia) that is not the man in the automobile that struck me. The man that struck me was not as heavy as that and was a young man. With reference to whether I am positive that man was not in the car that struck me, I never saw that man until to-day, I am positive he was not. In this court room to-day is the first time I ever saw him, I may have seen him before he got on the stand. I am positive the car that struck me was a Chevrolet sedan, I looked it over good. I am positive the car that struck me only had one man in it, it was a two seated car that struck me. I have not seen the man that struck me since. I did not see Garcia anywhere around there before I left to go to the hospital, I never saw him before. When I was walking west, I was looking straight ahead, my eye was sore, and I was looking straight ahead. I had been going around on the other streets. I am positive the driver of that car declined to give me his name. I asked for it and he started to give it to me and some one called him to the door of the garage and he went down the street. He said he would give it to me and some one called him about eight or ten feet from there, and he left. I was on the center of the sidewalk. This car struck me a straight lick about the middle of the car, the mark was on the right hip, it struck me like that and I went down that way. I imagine the center of the car struck me. I am positive the car that struck me had the 50-50 sign on it, I saw it on top. I know a Ford from a Chevrolet. I know a coupé from a sedan. One is two seated and the other is a five passenger, one has two seats and the other has one. The sedan has two seats, and the coupé has one seat. It was a Chevrolet that struck me."

V. Garcia testified that, if the car that struck McCarthy was a Chevrolet car and that there was only one man in it, he did not have anything to do with the accident. But, testifying further, he said that he and Canal were in a Ford coupé and, when he had stopped his car about three or four feet from McCarthy, that McCarthy ran into or hit his car; that E. N. Canal was driving the car in which he was riding.

Three other witnesses for the corporation testified that they saw the accident and that the car that struck McCarthy was a Ford coupé.

The controverted issue, as already stated, was as to whether it was a 50-50 taxicab or a Ford car that struck McCarthy.

After the close of the evidence the court peremptorily instructed a verdict for the defendant. Such verdict was returned and judgment accordingly rendered.

The plaintiff has appealed, and assigns as error the action of the court in taking the case from the jury.

We have carefully examined the statement of facts and have reached the conclusion that the testimony of the plaintiff sufficiently raised the controverted issue, and that the court erred in not submitting the question to the jury for its determination.

The judgment is reversed, and the cause remanded.

Reversed and remanded.