**PANHANDLE & S. F. RY. CO. v. WILLOUGHBY.**

**No. 3956.**

Court of Civil Appeals of Texas. Amarillo.

Feb. 8, 1933.

Rehearing Denied April 5, 1933.

Terry, Cavin & Mills, of Galveston, Hoover, Hoover & Cussen, of Canadian, and Lackey & Lackey, of Stinnett, for appellant.

G. C. Harney and K. H. Dally, both of Borger, G. G. McBride, of Oklahoma City, Okl., and Works & Bassett, of Amarillo, for appellee.

MARTIN, Justice.

Appellee was injured at a loading dock belonging to appellant in the town of Borger. She and three companions were out riding on the Sunday night of the accident. Appellee and her uncle occupied the front seat of the automobile. Returning from Panhandle to their home at Whittenberg, northeast of Borger, they turned from Main street and followed Grand avenue due east, intending to later take a street leading north toward their home. The streets of Borger run at right angles to each other, north and south and east and west. The line of the Panhandle & Santa Fé Railway Company extends in a southwesterly and northeasterly direction, intersecting diagonally the streets of Borger. Grand avenue runs into, but not across, appellant's property at a point about where its depot is located. From about the point of its intersection a gravelled roadway had been constructed and was maintained by appellant for a distance of 789 feet in a northeasterly direction and ended on a loading dock where the accident occurred. About 330 feet northeast of where Grand avenue intersects with the property of appellant, Harvey street, running in a due northerly direction therefrom, intersects with said property and said gravelled roadway. Two 75 watt electric lights were kept burning at night, situated on the outside of the depot just opposite the Harvey street intersection situated about 57 feet north of these lights. It is shown that the public generally used that part of the gravelled roadway on appellant's property lying between Grand avenue and Harvey street, with the knowledge and acquiescence of appellant. Harvey street was the one the parties intended to take on the night of the accident, but missed same, and continued in a northeasterly direction along the gravelled roadway and upon and off the unloading dock, where the car fell a distance of about four feet to the ground, severely injuring appellee. A line of telephone poles extends along and across this gravelled roadway, one of which was almost in the middle of same and at a point a few feet from the unloading dock. The top of the unloading dock was gravelled with the same material and had about the same appearance as the balance of the roadway. A telephone pole stood near its northwest corner with a guy wire extending down to the front of said dock. The unloading dock was not apparently floored with wood, but the material was held in place by heavy wood timbers at the edge. A slight depression existed in front of this dock, so that an automobile coming up on it traveled slightly upward to the top. The entire gravelled roadway from the intersection of Grand avenue to the unloading dock extended along the side of the depot and the right of way of appellant.

Appellee alleged, in part:

"Under the circumstances and on account of the position and the lay of said driveway and said street south thereof and which separated therefrom by said small angle defendant owed the traveling public, and especially this plaintiff, the duty of placing and maintaining a railing or warning at the north end and edge of said dock or platform giving notice that said driveway ended at that point and could not be further pursued without danger, which duty defendant failed to discharge and which was negligence under the circumstances.

"It was also the duty of defendant to the traveling public, and especially to the plaintiff, owing to the position, location and con-

dition of said driveway, as aforesaid, and its said separation from said street next south thereof by such small angle, as above shown, to place and maintain warnings or signals at or near the point where said driveway separated from said street indicating that same was not a public street or public driveway which might not safely be used as such, and its failure to discharge this duty was negligence under the circumstances; that defendant knew, or by the exercise of ordinary care, would have known that said dock and driveway was so constructed that it constituted an invitation to drive thereon to the general public who used such driveway, and especially this plaintiff."

Defensive issues were, in substance, a denial of the existence of actionable negligence and that appellee was guilty of contributory negligence in respect to various acts not necessary to here set out.

The findings of the jury were in favor of appellee upon all questions of negligence submitted and against appellant upon its defensive issues.

Many assignments of error appear in the record, but the only real questions amount, in substance, we think, to two propositions: (1) That no actionable negligence was proven; and (2) that appellee was shown to be guilty of contributory negligence as a matter of law, and that the findings of the jury acquitting her of such are without support in the evidence.

Precedents are of little value in the determination of fact questions, as there usually exists a distinguishing difference. They must be solved by the application of general principles to the facts of the particular case.

Regarding the questions presented here, Judge Brown has said in Lee v. International & G. N. Ry. Co., 89 Tex. 583, 36 S. W. 63, 65: "Negligence, whether of the plaintiff or defendant, is generally a question of fact and becomes a question of law, to be decided by the court, only when the act done is in violation of some law, or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question. In other words, to authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it."

The following statement is taken from the case of Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963, 966, opinion by Judge Stayton: "The inference of one fact from the existence of others is for the jury, and not for the court, in all cases in which the fact to be inferred or presumed is to be believed or rejected as the application of reason and common experience to the facts proved may justify. This involves a weighing of evidence. * * * In all cases the existence or nonexistence of the facts * * * to be inferred from other facts, must be left to the determination of the jury."

The solution of the first question turns upon whether or not appellee was an invitee. If she was a trespasser upon the premises of appellant, it owed her no further duty than not to intentionally or willfully injure her. It is the contention of appellee that the evidence raised a jury question of an implied invitation to her to use the driveway in question by reason of the peculiar facts and circumstances, some of which have been adverted to. A well-traveled street, leading from the main part of town, entered the driveway in question, which continued and was used by the public as such, at least up to the point where Harvey street went north from it. The testimony for appellee showed that this driveway had the same appearance over its entire length, and that the dock in question resembled a culvert. It further appears that in approaching this dock the lights of the automobile failed to reveal the end of it, due to the upward incline of the surface toward the dock. We are of the opinion that the testimony was sufficient to raise the issue that appellant might have reasonably foreseen that an injury might probably occur to persons using the roadway in question, and that constructing a driveway into which travel led directly, so as to give it the appearance of a street over its entire length, and leaving the dock open without warning, were such acts as would support a finding against it of actionable negligence.

"If its situation with reference to the known general uses of the road were such that the appellant might have foreseen by the exercise of reasonable care that some injury would probably result to persons traveling the road * * * then appellant would be guilty of negligence." Athens Electric Light & Power Co. v. Tanner (Tex. Civ. App.) 225 S. W. 421, 423.

The question of contributory negligence mentioned in the second proposition above presents to our minds a somewhat more serious question. It appears that the driver Smith slackened the speed of the car and shifted to second gear due to his uncertainty of the road, just before ascending the incline to the dock; that he was directed by appellee to proceed; that none of the occupants of the car saw the telephone pole, nor the lights on the depot, nor the intersection of Harvey street; that both parties on the front seat were looking; that the night was dark, their automobile lights good, the streets unfamiliar to them; that they believed they were on a public street; that the gravelled roadway had the appearance along its entire course of a street; and that they failed to discover the presence of the dock, though they were looking. This, very briefly, summarizes the evi--

dence believed to control this proposition. In determining such question, the inquiry is not whether there is a mere "scintilla" of evidence, but whether there is any that ought reasonably to satisfy a jury that the fact sought to be proved is established. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059. In response to issues requested by appellant, the jury acquitted appellee of contributory negligence. We are not able to say that these findings were without evidence to support them or that the evidence conclusively established contributory negligence as a matter of law. Its existence was an inference to be drawn from all the facts and circumstances in evidence, and there is, under the facts here, a question of the credibility of witnesses and the weight to be given to their testimony, concerning which the jury's findings bind us. The findings on this question are in our opinion very meagerly supported by the evidence. Without the right to pass on the weight to be given to the testimony of witnesses, we feel compelled, under the law, to overrule this assignment. Some of the cases which directly or by analogy appear to support our conclusions are as follows: Duron v. Beaumont Iron Works (Tex. Com. App.) 7 S.W.(2d) 867, 869; City of Beaumont v. Kane (Tex. Civ. App.) 33 S.W.(2d) 234; Blakesly v. Kircher (Tex. Com. App.) 41 S.W. (2d) 53; Stewart v. Schaff (Tex. Civ. App.) 269 S. W. 135; 3 Tex. Jur. § 767.

The judgment is affirmed.