## KRAUSSE v. DECKER.
### No. 1328.

Court of Civil Appeals of Texas. Waco.

Feb. 16, 1933.

Rehearing Denied March 30, 1933.

R. H. Mercer and R. L. House, both of San Antonio, for appellant.

Weber & Wolfe, of San Antonio, for appellee.

GALLAGHER, Chief Justice.

This appeal is from a judgment of the county court at law of Bexar county, awarding appellee, Ed Decker, a recovery against appellant, Gus Krausse, for damages sustained in an automobile collision at a street intersection in the city of San Antonio. Appellant owned a car and kept a colored chauffeur named Ernest Polk to operate the same. Appellant's wife had full control over such car and chauffeur. Mrs. Krausse's mother, Mrs. Forrester, lived in San Antonio. She had a car of her own, but whether she operated the same in person or otherwise is not shown. On or about June 1, 1930, Mrs. Forrester telephoned her daughter, Mrs. Krausse, and asked her if she knew a colored woman she could get to do some housework. Mrs. Krausse suggested the mother of Ernest Polk, her chauffeur. Mrs. Forrester proposed to come over to Mrs. Krausse's in her own car and get Ernest to go with her and show her where his mother lived. Mrs. Krausse replied that she would send Ernest for her. Ernest, at Mrs. Krausse's direction, then took the Krausse car and went to Mrs. Forrester's residence. She got into the car, and he took her to his mother's. On the return trip a collision occurred between the car operated by Ernest Polk and one operated by the wife of appellee. Both cars were damaged, and both Mrs. Forrester and Mrs. Decker sustained personal injuries.

Appellee thereafter instituted this suit against appellant to recover damages for injuries sustained by his wife and for injury to his car. Appellant denied any negligence on the part of his chauffeur at the time of the accident, and charged various acts of negligence against Mrs. Decker in the operation of appellee's car at that time. He also alleged that his car was not at the time of the accident operated for or on his behalf nor by his direction or under his control. He also sought by cross-action to recover damages for injuries to his car.

The case was submitted to a jury on special issues. The jury found, in response thereto, that Ernest Polk was guilty of various acts of negligence in the operation of defendant's car at the time of the collision, and that the same were proximate causes thereof. The jury further found in answer to such issues that appellee's wife was not guilty of any of the acts of negligence in the operation of her car charged against her by appellant. Appellant's legal liability for the negligence of his chauffeur in the operation of his car at the time of the collision was submitted by a single issue, which issue and the answer of the jury thereto were as follows: "Do you find from a preponderance of the evidence that at the time of and immediately before the accident in question, the driver of defendant's automobile was acting in pursuance to instructions received from the defendant's wife? Answer: Yes."

The court thereupon awarded a recovery in favor of appellee against appellant for the sum of $800, the aggregate amount of damages assessed by the jury.

## Opinion.

█ Appellant presents a group of assignments in which he complains of the refusal of the court to submit his requested issues to the jury for determination. Said issues, though several in number, were all so framed as to invoke an affirmative finding by the jury on his defensive contention that his car and chauffeur were at the time of the accident being used by Mrs. Forrester for a purpose of her own, and that such chauffeur in the operation of the car was under her immediate control and direction, and at the time of the collision, in legal contemplation, her servant or representative. Where the owner of a motor vehicle transfers it, with his chauffeur, to the service of a third person, liability as between him and the third person for the negligent acts of the chauffeur in operating the vehicle depends upon which of them has at the time the right to control the chauffeur in the performance of his duties, not merely as to the result to be reached but as to the method of reaching the result. 42 C. J. p. 1097, § 859; 39 C. J. p. 1274, § 1462. Such transfer may be for hire or for mere accommodation. In either case the rule is the same, but it has been said that, when the transaction is a loan, the trend of authorities is toward the holding that the chauffeur becomes in such cases the servant of the borrower. The mere fact, however, that the transaction is a loan does not as a matter of law make the chauffeur furnished by the owner of the vehicle the servant or representative of the borrower. Such issue must be determined from the language of the contract or agreement between the parties, construed in the light of attending circumstances, and, where such contract or agreement is vague or inconclusive on such issue, a jury question is presented. 5 Tex. Jur. p. 772, § 154; Hooper v. Brawner, 148 Md. 417, 129 A. 672, 42 A. L. R. page 1437 et seq., and note beginning on page 1446; Riggs v. Gallett (Tex. Civ. App.) 300 S. W. 185; Miller v. Diamond (Tex. Civ. App.) 25 S.W.(2d) 659, 661, par. 4; McCarthy v. Fifty-Fifty Auto Livery (Tex. Civ. App.) 16 S.W.(2d) 349; Atlantic Coach Co. v. Curtis, 42 Ga. App. 639, 157 S. E. 344, 345, par. 2; Lang v. Hanlon, 302 Pa. 173, 153 A. 143, 145, par. 6.

Appellant's wife, with implied consent and authority from him, sent his car and chauffeur to take Mrs. Forrester on a trip to secure the services of a housemaid. The substance of the conversation between her and Mrs. Forrester in that connection has been hereinbefore set out. The language used by appellant's wife did not purport to grant express authority to Mrs. Forrester to control and direct the chauffeur with reference to the manner in which he should operate the car on the trip. Neither did it indicate that such authority was withheld. The intention of the parties with reference to this issue must therefore be ascertained by inference from the language used and the attending circumstances. The rule applicable in such cases in this state was clearly announced by Chief Justice Stayton in the case of Stooksbury v. Swan, 85 Tex. 563 et seq., 22 S. W. 963. We quote therefrom (page 573 of 85 Tex., 22 S. W. 963, 967), as follows: "In all cases, the existence or nonexistence of the facts the evidence tends to prove, if there be conflict, as well as the existence or nonexistence of the fact to be inferred from other facts, must be left to the determination of the jury." See, also, Maryland Casualty Co. v. Williams (Tex. Civ. App.) 47 S. W.(2d) 858, 859, par. 2, and authorities there cited.

Appellant was entitled under the testimony in this case to have an affirmative submission of this defense, and the court erred in refusing to submit the same.

Appellant's other assignments of error present matters which will not necessarily arise in the same way, if at all, on another trial. The judgment of the trial court is reversed, and the cause remanded.