## INDEPENDENCE INDEMNITY CO. v. KELL et al.

### No. 12778.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 18, 1933.

Rehearing Denied March 18, 1933.

Weeks, Morrow & Francis, of Wichita Falls, for appellant.

Bullington, Humphrey & King, of Wichita Falls, for appellees.

LATTIMORE, Justice.

Appellant issued to appellee a policy of insurance against loss by burglary of the latter's safe "when all doors of the safe and vault are duly closed and locked by all combinations thereon; provided that such entry shall be made by actual force and violence of which there shall be visible marks made by tools," etc., "upon the exterior of all of said doors of such safe."

Appellee's safe was opened and $1,539 taken therefrom. On a jury trial verdict was for plaintiff, and from judgment thereon defendant appeals.

The only question raised is the sufficiency of the evidence. Appellees' evidence was that the safe was closed about midnight, with the money inside, and locked by all combinations, two in number, one on an outside door and one on an inside door; that the next morning the safe was discovered open with the combination knob of each door broken off and lying on the floor and marks upon each door and upon the top of the safe just above the knobs which are variously described as hammer marks and chisel marks. C. M. Goodwin, who says he closed the safe and locked it on the night of the burglary, testified by deposition. The defendant offered two expert safe men, the only experts who testified, who said that the combinations were set at "open" when they were examined after the burglary; that the knob connects by a long steel stem inclosed in a close-fitting iron container to the lock combination, and that it would be practically impossible to operate those combinations by the stem with the knobs knocked off; that the combination locks were not broken; and that the doors could not be opened without the combination being either broken off or set at "open"; and that it was apparent that the burglary was an "inside job," i. e., some one knowing the combination had thereby opened the safe, taken the money, and then knocked the knobs off to disguise his modus operandi.

We have carefully read and re-read the entire statement of facts and the briefs. We believe the evidence sufficient to justify the jury verdict.

While it may be that the appellate court may judge the credibility of a witness testifying by deposition as well as the jury, Thorn's Heirs v. Frazer's Heirs, 60 Tex. 259, the question of the proper inference to be drawn from circumstances which support more than one fact conclusion is for the jury alone, though the physical facts be agreed, Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963.

The judgment is affirmed.