## MUNVES v. BUCKLEY.
### No. 1480.

Court of Civil Appeals of Texas. Waco.
March 8, 1934.

Rehearing Denied April 19, 1934.

Thompson, Knight, Baker & Harris and Sol Goodell, all of Dallas, for appellant.

J. K. Russell, of Cleburne, for appellee.

GALLAGHER, Chief Justice.

This appeal is from a judgment of the county court awarding appellee, M. M. Buckley, damages against appellant, C. B. Munves, for injuries received in an automobile accident. The case originated in the justice court and was tried in the county court on appeal. The car in which appellant and appellee were traveling belonged to appellant and was being operated by him at the time of the accident. Appellee was his guest and was being transported without compensation. Appellant's car was of the coach type and was purchased more than two years prior to the accident. The casings in use were the same casings on the car when purchased. Appellant had two other passengers in his car besides appellee. Appellant and his passengers were returning home from a short business trip. They were traveling downhill on a concrete highway. Appellant and one of his passengers were sitting on the front seat and appellee and the other passenger on the back seat. Appellant asked the other passenger on the back seat how fast he thought they were traveling, to which the passenger replied thirty-five or forty miles an hour. Appellant then stated that they were traveling forty-five miles an hour. He immediately increased the speed. One of appellee's fellow passengers estimated the speed attained by such acceleration at sixty-five miles an hour. There was testimony that the rapid speed evoked at the time from one of appellee's fellow passengers the exclamation, "We're flying!" Just about that time one of the tires on appellant's car "blew off." Appellant testified that just at that instant he noticed for the first time a truck in the middle of the road approaching from the opposite direction and only 100 or 150 yards away; that his car began to zigzag about 50 feet from the point at which the blowout occurred; that he realized a collision with the truck was imminent; that he applied the brake and the car turned over twice and landed on the roadside just opposite where the truck stopped. He testified that his car ran about 250 feet from the place where the blowout occurred before it stopped. All the occupants of the car suffered bodily injuries.

The pleadings in both the justice and county courts were oral and need not be recited. The case was submitted on special issues, in response to which the jury returned findings, in substance, as follows: (a) Appellant, at the time of the accident, was operating his car on a public highway at a rate of speed in excess of forty-five miles per hour; (b) appellee was injured as the result of such excessive speed; and (c) suffered damages from his injuries in the sum of $150. The court rendered judgment in favor of appellee against appellant for said sum.

### Opinion.

◼ Appellant presents assignments complaining of the action of the court in overruling his general demurrer and special exceptions. Great liberality is indulged in passing upon the sufficiency of oral pleadings on appeal from a judgment of a justice court. Appellee's amended demand was informal and in some respects deficient; but since the judgment of the trial court will be reversed, he will have an opportunity to amend his pleadings so as to obviate further objection thereto.

◼ Appellant filed a motion assailing the sufficiency of the findings of the jury to support the judgment, in that the same contained no finding that the accident in which appellee received his injuries was caused by appellant's heedlessness or reckless disregard of the rights of others. Appellee was admittedly a nonpaying guest riding in appellant's car at the time of the accident in which he sustained his injuries. He so alleged in his amended demand or claim. Chapter 225, p. 379, General Laws Regular Session of the 42d Legislature (Vernon's Ann. Civ. St. art. 6701b), was in force at the time of the accident. Section 1 of said act (Vernon's Ann. Civ. St. art. 6701b, § 1) is as follows: "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." The burden was on appellee not only to show by appropriate allegations and proof a cause of action within the terms of said act, but to also secure affirmative findings sufficient to support a judgment in his favor thereon. The findings of

the jury hereinbefore recited in substance established nothing more than that appellant was operating his car at a rate of speed prohibited by law and that appellee's injuries resulted therefrom. There was no contention that the accident was intentional on the part of appellant. There was no finding that the same was caused by his heedlessness or reckless disregard of the rights of others. The jury's findings were insufficient to support the judgment rendered, and the court erred in refusing a new trial. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Kirby Lumber Co. v. Conn, 114 Tex. 104, 112, 263 S. W. 902; Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708, 713, par. 5; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Montrief v. Fort Worth Gas Co. (Tex. Com. App.) 4 S.W.(2d) 964, par. 1; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210, 214, par. 13; International-Great N. Railroad Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669, 671, pars. 9 to 11, inclusive.

◼ Appellant presents assignments complaining of the manner in which the court instructed the jury with reference to burden of proof. The court, at the beginning of his charge, instructed the jury to answer the questions submitted from a preponderance of the evidence. After each question submitted, he instructed the jury to answer the same "yes" or "no." Such method of instructing upon the burden of proof was held erroneous by this court in Psimenos v. Huntley, 47 S.W.(2d) 622, 623, pars. 1 and 2. See also, Chicago, R. I. & G. Ry. Co. v. Vinson (Tex. Civ. App.) 61 S.W.(2d) 532, 534, par. 5, and authorities there cited.

◼ Appellant presents assignments complaining of the action of the court in overruling his request for a peremptory charge, and in that connection asks this court to render judgment in his favor. The evidence concerning the combination of circumstances which caused the accident is not without material conflicts. Appellant testified in his own behalf to facts tending to exculpate himself. He was of course interested in the result of the suit, and the weight to be given to his testimony, even where uncontradicted, was for the jury. Dallas Trust & Savings Bank v. Pickett (Tex. Civ. App.) 59 S.W.(2d) 1090, 1093, par. 1, and authorities there cited. Whether the accident was caused by appellant's heedless or reckless disregard of the safety of the occupants of his car can be determined only by inference from physical facts found to have existed at the time and

to have contributed to such accident. Solving conflicts in the evidence and determining the proper inferences to be drawn therefrom are jury functions. Stooksbury v. Swan, 85 Tex. 563, 573, 22 S. W. 963; Supreme Council v. Anderson, 61 Tex. 296, 301; Maryland Casualty Co. v. Williams (Tex. Civ. App.) 47 S.W.(2d) 858, 859, par. 2, and authorities there cited; Krausse v. Decker (Tex. Civ. App.) 57 S.W.(2d) 1124, 1125, pars. 3 and 4; Wiggins v. Holmes (Tex. Civ. App.) 39 S.W.(2d) 162, 163, pars. 2 and 3; Panhandle & S. F. Ry. Co. v. Willoughby (Tex. Civ. App.) 58 S.W.(2d) 563, 565 (first column). We have carefully considered the record as a whole and have concluded that the rendition of judgment for appellant by this court would not be justified. Since the cause will be remanded, we refrain from a more particular discussion of the evidence.

The judgment of the trial court is reversed, and the cause is remanded.