STRAKA v. FARMERS' MUT. PROTEC-
TIVE ASS'N OF TEXAS.

No. 1549.

Court of Civil Appeals of Texas. Waco.
Jan. 17, 1935.

Rehearing Denied Feb. 28, 1935.

J. C. Lumpkins, of Waxahachie, for appellant.

Geo. E. Kacir, of West, for appellee.

GALLAGHER, Chief Justice.

Appellant, A. A. Straka, brought this suit against appellee, Farmers' Mutual Protective Association of Texas, a corporation, to recover the sum of $1,200 for the loss by fire of his dwelling house, and the further sum of $300 for the loss of his household furniture and clothing contained therein. Appellant is a mutual association, formed for the protection of its members from losses by fire, lightning, etc. Said association consists of a supreme lodge and local lodges. The membership apparently is exclusively Czech (Bohemian). The constitution, by-laws, and incidental forms are in that language and the proceedings of its lodges are conducted therein. Insurance is written for members only. Assessments are levied by the supreme lodge quarterly on the 1st days of March, June, September, and December of each year. Each local lodge is required to pay to the supreme lodge the assessments for its members in good standing, that is, those members who have not been previously suspended or expelled. Appellant had been a member of the local lodge at Ennis for several years. The last assessment paid by him was the one levied December 1, 1929. Assessments duly levied against him on the 1st day of March, 1930, and on the 1st day of each third month thereafter to and including September, 1932, amounting in the aggregate to $75.65, have never been paid by him. The collecting officers of the Ennis lodge notified appellant that he must pay said amount on or before November 15, 1932, to prevent suspension or expulsion. He refused to pay at said time, but stated he would pay at the regular meeting of the lodge in December. His dwelling house and household furniture and clothing contained therein were destroyed by fire on the 8th day of December, 1932. Appellant conceded that he was in default in the payment of assessments as above recited, but claimed that the local lodge never exacted prompt payment, and thereby waived all his delinquencies. He also claimed that the demand that he pay his arrearages by November 15, 1932, as aforesaid, was informal and insufficient to suspend or exclude him from membership in the Ennis lodge or to bar a recovery for his loss.

The case was submitted to a jury on special issues. The jury found in response thereto, in substance, that it was the custom and habit of appellee not to exact prompt payment of assessments levied against policyholders; that appellant knew of such custom and relied thereon in failing to pay such assess-

ments. The substance of further findings of the jury in response to the issues submitted was, in part, as follows:

(a) Appellant had, prior to December 8, 1932 (the date of the fire), specific notice of a definite time when his policy would be forfeited for nonpayment of past due assessments.

(b) Such notice gave appellant a reasonable length of time to comply therewith by making such payment.

(c) Appellant could have paid his assessments on or before November 15, 1932, the date named in such notice.

(d) Appellee's local lodge in Ennis suspended appellant prior to December 8, 1932.

(e) Such suspension was according to appellee's constitution and by-laws.

The jury, in response to such issues, made various other findings which we do not deem it necessary to recite in detail. The court rendered judgment on the verdict that appellant take nothing by his suit.

### Opinion.

Appellant presents assignments of error assailing the action of the court in submitting the several issues in response to which all the above findings of the jury, except (c), were made. The substance of appellant's complaint is in each instance based on his construction of the testimony. Since the constitution, by-laws, proceedings, and correspondence are all in the Czech language, purported translations thereof were offered in evidence in lieu of the originals. No part of appellee's constitution was introduced. Certain particular by-laws, or, rather, translations thereof, were introduced. According to such translations, each local lodge is liable to the supreme lodge for the payment of all assessments levied upon its members. Notice of the suspension or expulsion of a particular member must be given the supreme lodge at least ten days before the date fixed for an assessment. Otherwise such assessment will be levied on such member and the local lodge required to pay the same. Incidentally, such by-laws provide for the maintenance of a reserve fund by the local lodge, to which all members are required to make an initial contribution. There is, however, no contention that appellant's contribution to or interest in said fund was more than trivial as compared to his unpaid assessments. Assessments or dues owed by a member are in every instance paid by him to the local lodge. To protect local lodges, a general by-law (article IX, § 4) provides, in substance, that a member who

fails to pay his dues (assessments) in quarterly meeting "shall be suspended from the benefit in case of damage." Said by-law further provides that the defaulting member shall be notified of his suspension by registered letter and asked for payment, and that in event he fails to make payment within thirty days he shall be expelled. No further procedure to effect such suspension or expulsion was included in the translations offered in evidence.

The practice of the Ennis lodge of carrying delinquent members on its rolls without suspending or expelling them, notwithstanding that in doing so it was required to pay the assessments so delinquent to the supreme lodge, had existed for a long time. Said lodge, however, on December 27, 1931, passed a special by-law as follows: "Motion made, seconded and adopted that every member must pay or make arrangements for his dues, either by paying, by giving a note secured by two sureties or giving a mortgage on his cotton. In every instance hereafter every member must pay hereafter in cash; otherwise he will be suspended." A committee of three was named to assist the secretary in enforcing the same. Mr. Moucka, a member of such committee, testified that he discovered in the latter part of September, 1932, that appellant was delinquent; that he called the attention of the secretary, Mr. Petr, to this fact and "asked him to go by the by-laws"; that he "made Mr. Petr go by the by-laws"; that a notice was mailed to appellant about the 10th day of October, 1932, informing him that if he did not pay by November 15, 1932, he would be suspended; and that within thirty days he was suspended. The material paragraphs of said notice, as translated to the jury, were as follows:

"With this I notify you you owe us payment of $75.65 to R. V. O. S., which must be paid (straightened out) within 30 days, that is to November 15th.

"In case of non payment or agreement according to the annual meeting of December 27, 1931, you will be expelled for not paying, and that according to Article IX, Section 4.

"If I do not hear from you by November 15, I will act according to the by-laws."

Said notice purported to have been signed by the secretary and by the several members of the committee appointed to aid him in enforcing collection of dues. Appellee was commonly referred to by its members by the initials contained in said notice. There was a dispute about whether this notice was dated October 10th or November 10th, and with reference to whether the threatened action in

case of nonpayment as requested was suspension or expulsion. The witnesses testifying with reference to such action used the terms interchangeably. Appellant testified that he received such notice on or about November 10th. He replied thereto stating merely that he would pay at the next December meeting. There was testimony that notices like that sent to appellant were sent to other delinquent members and that they also were suspended at the same time and in the same manner he was; that the reason for such action was to escape liability for assessments which would be levied against appellant and such other members on December 1, 1932, unless they had been suspended and the supreme lodge notified of such action ten days prior to such date. There was other affirmative testimony that appellant was suspended, and also that the supreme lodge was notified of such suspension.

Appellant contended in his objections to the submission of the issues in response to which such findings were made, in substance, that the matters therein inquired about were issues of law for the court and not issues of fact to be determined by the jury, and that the evidence was insufficient to justify the submission of the issue with reference to appellant's suspension because an affirmative action by the local lodge in session was not shown. Where there are conflicts in the testimony of different witnesses, or contradictions in the testimony of a particular witness, or where the testimony is vague or the ultimate fact to be ascertained is not shown by direct testimony but is to be inferred in whole or in part from other circumstances in evidence, a jury question is presented. Stooksbury v. Swan, 85 Tex. 563, 573, 22 S. W. 963; Wiggins v. Holmes (Tex. Civ. App.) 39 S.W. (2d) 162, 163, pars. 1 to 3, inclusive; Independence Indemnity Co. v. Kell (Tex. Civ. App.) 58 S.W.(2d) 1032, par. 2; Panhandle & S. F. Ry. Co. v. Willoughby (Tex. Civ. App.) 58 S.W. (2d) 563, 565; Maryland Casualty Co. v. Williams (Tex. Civ. App.) 47 S.W.(2d) 858, 859, par. 2, and authorities there cited; Krausse v. Decker (Tex. Civ. App.) 57 S.W.(2d) 1124, 1125, par. 4; Williams & Chastain v. Laird (Tex. Civ. App.) 32 S.W.(2d) 502, 505, pars. 1 and 2; Munves v. Buckley (Tex. Civ. App.) 70 S.W.(2d) 605, 606, pars. 6 and 7. The procedure prescribed by the by-laws for the expulsion of a member is not involved in the issue under consideration. The real issue is whether there was testimony sufficient to justify the submission of an issue as to appellant's suspension, as distinguished from expulsion. No prescribed procedure for suspension of a member for nonpayment of assessments was shown. Both the general by-law (article IX, § 4) and the special by-law adopted by the local lodge declared, in substance, that a member in arrears should be suspended. In view of the long-continued default on the part of appellant and the continued indulgence extended by the local lodge in not suspending him from membership with the resulting forfeiture of benefits, he was entitled to notice that such indulgence would no longer be extended and a reasonable time in which to comply with his obligation by paying his delinquent assessments. Calhoun v. The Maccabees (Tex. Com. App.) 241 S. W. 101, 105, par. 10. The notice given appellant by the secretary and committee of the local lodge was a specific demand for payment of such assessments by November 15, 1932. Whether the time which elapsed between his receipt of the same and the date so set was reasonably sufficient to enable him to comply with such demand was, under the authorities hereinbefore cited, a jury question. That appellant was suspended after notice to pay as required by the special by-law of his local lodge, that other delinquents were suspended at the same time and in the same manner, and that such suspensions were promptly certified to the supreme lodge, were all circumstances which the jury might consider in connection with the other facts in evidence in determining whether a regular and effective suspension should be inferred. Appellant's complaint of the submission of said several issues is without merit.

Appellant presents an assignment of error assailing the action of the court in refusing to submit to the jury for determination his requested issue inquiring the date of the demand for payment mailed to appellant by the secretary and committee of his local lodge. According to some of the testimony, this notice was dated October 10, 1932, more than thirty days before the required date of payment. According to other testimony, such notice was dated November 10, 1932, only five days before the stipulated date of payment. The by-laws above quoted required that a member should have thirty days' notice of his suspension before he could be expelled. Since no issue of expulsion was submitted to the jury or considered by the trial court in rendering judgment herein, appellant's requested issue was immaterial and the action of the court in refusing to submit the same was without harmful effect upon his rights.

The judgment of the trial court is affirmed.