## J. M. RADFORD GROCERY CO. v. MATTHEWS.

### No. 1559.

Court of Civil Appeals of Texas. Waco.

Jan. 31, 1935.

W. E. Lessing, of Abilene, for appellant.

J. S. Simkins, of Corsicana, for appellee.

GALLAGHER, Chief Justice.

Appellee, Windol W. Matthews, on November 28, 1932, sued appellant, J. M. Radford Grocery Company, a corporation, in trespass to try title to recover a tract of land 100x150 feet in the town of Dawson, which tract he described by metes and bounds. Appellant disclaimed as to an undivided one half interest in the tract and claimed title to the other half interest under attachment, judgment of foreclosure, and purchase at constable's sale under process issued on such judgment in a suit by it against Leo F. Matthews and another. Said tract of land was conveyed to Leo F. Matthews and Windol W. Matthews September 1, 1919. Leo Matthews, for a valuable consideration, on June 15, 1927, conveyed his undivided one-half interest in said tract to his brother, Windol W. Matthews, who was then about 16 years of age. Said deed was delivered to an attorney acting for the grantee, but was not recorded until after this suit was filed.

Appellant sued Roy French and Leo F. Matthews in the district court of Taylor county for debt, and caused a writ of attachment to issue in such suit to Navarro county and to be duly levied on certain real property situated therein as the property of Leo Matthews, and described as "1/2 acre of land out of the D. Onstott survey in the town of Dawson." Said levy was made November 23, 1931. Appellant secured judgment on its demand, with foreclosure of attachment lien. Order of sale was issued on said judgment, and said property duly sold thereunder to appellant by a constable of Navarro county, and a deed conveying the same executed and delivered to it by said officer. The description of the property in the judgment, order of sale, and constable's deed was the same, in substance, as in the return of the officer on the writ of attachment. The proceeds of the sale were credited upon appellant's judgment. Said deed was dated July 5, 1932, and duly recorded.

The case was tried by the court without the intervention of a jury, and judgment rendered in favor of appellee upon appellant's disclaimer for an undivided one half interest in the property, and, on the evidence, for the other half interest therein. Appellant requested, and the court filed, findings of fact and conclusions of law.

Opinion.

Appellant, by various assignments, assails the action of the court in rendering judgment against it in favor of appellee for the undivided half interest in the property which he acquired by deed from his brother, Leo Matthews, in the year 1927, but which deed was not recorded at the time appellant levied its writ of attachment nor at the time it purchased the property at constable's sale under process issued on its judgment foreclosing its attachment lien. The court held that appellant was not shown to be a bona fide purchaser of the property for value without notice of appellee's unrecorded title. In this connection the court found as a fact that, at the time of the levy of appellant's writ of attachment and at the time of its purchase under judgment foreclosing the same, appellee was in possession of the entire property through tenants and collecting rent therefrom. Appellant does not controvert said finding so far as the same relates to the occupancy of the premises by tenants and the collection of rents and the application thereof to the discharge of indebtedness owed by appellee to his brother for money advanced for repairs. Appellant merely asks this court to assume from the testimony, contrary to the finding of the trial court, that the tenants did not claim under appellee, but under his brother, Leo, who acted for him in renting the premises and collecting the rents. We will in this connection recite the substance of the testimony material to this contention. Leo Matthews, on January 15, 1927, conveyed the half interest he had theretofore held in said property to appellee. He testified affirmatively that he never thereafter claimed any interest in said property nor rendered the same for taxes; that about February 1, 1931, he advanced

funds to repair the house on the property and was to be repaid out of the rents; that he thereafter collected some rent and so applied the same. Appellant's attachment was issued on indebtedness to it owed by a firm composed of Roy French and Leo Matthews. On July 2, 1931, the members of said firm signed a statement of their assets at the instance of Mr. Jones, appellant's representative. Said statement recited that Leo Matthews owned a home in Dawson. Leo, however, testified that he did not write the statement, that he never told Jones to recite that he owned a home there or anywhere else, but that on the contrary he told Jones specifically that he did not own any property, that he had loaned his brother money on the Dawson property and was collecting the same monthly out of the rents therefrom. Appellee testified that his brother, Leo, never claimed the property after he deeded his interest therein to him; that his brother furnished the money to repair the house and that he and his brother together went to Dawson and arranged therefor; that his said brother had charge of renting the property and was to get the money advanced out of the rents therefrom as collected.

■ We must, in determining whether the finding of the court that the tenants in possession of the property were the tenants of appellee and holding under him is supported by the evidence, consider the same in the light most favorable to such finding, disregarding all evidence to the contrary. Any vagueness, inconsistency, or conflict in the testimony must be solved so as to support such finding and the judgment rendered, if it is reasonably possible to do so. Williams & Chastain v. Laird (Tex. Civ. App.) 32 S.W. (2d) 502, 505, pars. 1 and 2 (writ refused), and authorities there cited; London & Lancashire Insurance Company v. Higgins (Tex. Civ. App.) 68 S.W.(2d) 1056, pars. 2 and 3; U. S. Fidelity & Guaranty Co. v. McCollum (Tex. Civ. App.) 70 S.W.(2d) 751, 753, par. 3; Holt v. Wilson (Tex. Civ. App.) 55 S.W.(2d) 580, 584, pars. 11 and 12, and authorities there cited. So where the ultimate fact to be ascertained is not shown by direct testimony, but is to be inferred in whole or in part from other circumstances in evidence, the finding of the trial court on such issue will be upheld if the inference necessary to support the same is a reasonable one. Stooksbury v. Swan, 85 Tex. 563, 573, 22 S. W. 963; Wiggins v. Holmes (Tex. Civ. App.) 39 S.W.(2d) 162, 163, pars. 1 to 3, inclusive; Independence Indemnity Co. v. Kell (Tex. Civ. App.)

58 S.W.(2d) 1032, par. 2; Panhandle & S. F. Ry. Co. v. Willoughby (Tex. Civ. App.) 58 S. W.(2d) 563, 565; Maryland Casualty Co. v. Williams (Tex. Civ. App.) 47 S.W.(2d) 858, 859, par. 2, and authorities there cited; Krausse v. Decker (Tex. Civ. App.) 57 S.W. (2d) 1124, 1125, par. 4; Munves v. Buckley (Tex. Civ. App.) 70 S.W.(2d) 605, 606, pars. 6 and 7. The testimony above recited is ample to support an inference that Leo Matthews, in renting the property to tenants, rented the same as the property of appellee and not his own. It follows that the finding of the court under discussion is not without sufficient evidence to support it.

■ The legal effect of the possession of property by tenants as notice to one acquiring an interest therein adverse to the owner for whom such tenant is holding is elaborately discussed in the case of Houston Oil Company v. Choate (Tex. Com. App.) 232 S. W. 285, 288(8), which we quote as follows:

"The possession of a tenant is notice of the rights of his landlord. The Supreme Court in Mainwarring v. Templeman, 51 Tex. 205, 212, held, in a case where land in possession of a tenant was sold and deed not recorded, that the fact that the tenant attorned to the purchaser made his continuous possession thereof notice of such unrecorded deed, and of the rights of the grantee therein as landlord of such tenant. We quote from the opinion in that case as follows:

" 'But under our statute the rule has become settled that possession, either in person or by tenant, is equivalent to registration. Watkins v. Edwards, 23 Tex. 448; Hawley v. Bullock, 29 Tex. 222; Mullins v. Wimberly, 50 Tex. 457. If the possession be sufficiently open and definite, whether it be in person or by tenant, it is incumbent on one who undertakes to acquire rights in the land to inform himself of the rights of the occupant, or of the landlord of the occupant. The purchaser should not be excused from inquiry unless there be something more to mislead him than his own assumption that parties occupy under the same right as formerly.'

"The case of Collum v. Sanger Bros., 98 Tex. 162, 164, 165, 82 S. W. 459, 83 S. W. 184, involved the question of notice of an unrecorded deed from one joint tenant to another conveying to the grantee an additional interest in the land. Possession was held by a tenant. It was held by the court that such possession was notice of such unrecorded deed and the rights of the grantee thereunder notwithstanding such possession was con-

sistent with the title as it appeared of record. We quote from the opinion in that case as follows:

"'That possession by a tenant is equivalent to the possession of his landlord as to the question of notice is the settled law of this court.· Watkins v. Edwards, 23 Tex. 448; Hawley v. Bullock, 29 Tex. 222; Mainwarring v. Templeman, 51 Tex. 205. The question then resolves itself into the further inquiry: Does the fact that the possession held by the party claiming the land is consistent with the recorded title relieve the purchaser or creditor of the duty of making inquiry of such possessor? There is much authority in favor of the affirmative of this question; and the Supreme Court of Iowa, following the doctrine of those courts which hold that possession under such circumstances is not notice, ruled that the possession of one tenant in common is not notice of a title acquired from a cotenant, the conveyance not being recorded. May v. Sturdivant, 75 Iowa, 116 [39 N. W. 221, 9 Am. St. Rep. 463]. But this court has made a contrary ruling. Wimberly v. Bailey, 58 Tex. 222. * * * In the recent case, Ramirez v. Smith, 94 Tex. 184 [59 S. W. 258], it was expressly stated as a general rule that the fact that the possession of one holding land is consistent with the recorded title does not exempt a purchaser from the duty of inquiring of him as to any other title. We think it a safe and ·salutary rule to require of a prospective purchaser of land to ascertain whether any other be in occupancy of it; and, if there be such possession, to go to the possessor and ascertain the nature and extent of his claim. Possession is evidence of title, and it seems to us that common prudence and common honesty demand this course. If so, the possession should be notice to him, and if notice to a purchaser it is notice to a creditor.'

"In Markley v. Mussett (Tex. Civ. App.) 204 S. W. 126, 127 (writ refused) property had been conveyed to the wife during coverture without any recitals in the deed tending to show it to be her separate property. It was in fact her separate property. Her husband, on the 9th of September, 1915, for a valuable consideration, conveyed the property to one Davis, who, on the 23d day of the same month, for a cash consideration, conveyed the land to Mrs. Mussett. Mrs. Mussett's husband acted for her in the purchase of the property. He knew that the tenant was in possession of the land but did not know that he had rented the same from Mrs. Markley,

and he made no inquiry of such tenant. Neither he nor Mrs. Mussett had notice of Mrs. Markley's claim to such property, except such notice as might be presumed from the possession of said tenant. It was held that the possession of said tenant was notice of Mrs. Markley's actual interest in the property. The sale by Mrs. Markley's husband was after the amendment of article 4621, Rev. Stats. by the act of 1913 (Laws 1913, c. 32 [Vernon's Sayles' Ann. Civ. St. 1914, art. 4621]), but the principle on which the decision rests is the same as in the cases above cited; that is that possession by a tenant is notice of the rights of his landlord, though such possession is consistent with the apparent title, and although the landlord's actual rights are inconsistent therewith."

See, also, in this connection, Moore v. Chamberlain, 109 Tex. 64, 195 S. W. 1135, 1136, par. 4. The court having found facts which charged appellant with notice of appellee's ownership of the entire property at the time it levied its writ of attachment, judgment was properly rendered for him. Ayres v. Duprey, 27 Tex. 594, 607, 86 Am. Dec. 657; Parker v. Coop, 60 Tex. 111, 116, 117; Wright v. Lassiter, 71 Tex. 640, 644, 10 S. W. 295; Barnett v. Squyres, 93 Tex. 193, 54 S. W. 241, 77 Am. St. Rep. 854; Henderson v. Odessa Building & Finance Co. ·(Tex. Com. App.) 24 S.W.(2d) 393, 394, par. 3.

The judgment of the trial court is affirmed.