WORTH MOORE v. HESTER E. CHAMBERLAIN.

No. 2524.  Decided June 20, 1917.

**1.—Innocent Purchaser—Vendor's Lien—Deed Intended as Mortgage.**

The innocent purchaser of a note secured by vendor's lien is protected and entitled to foreclosure, though the note and lien were created by a fictitious sale of the homestead intended by that device to secure upon it a debt for borrowed money.  (P. 66.)

**2.—Limitation—Trespass to Try Title—Cancellation of Deed—Homestead.**

A deed intended as a mortgage on the homestead is void, not voidable merely, and may be shown to be such in an ordinary action in trespass to try title by the homestead owner against the purchaser at trustee's sale under the mortgage.  Nor was this action changed into a suit in equity to cancel the trustee's deed, and therefore subject to bar by limitation in four years, by a supplemental petition in which the plaintiff, alleging lack of notice of the trustee's sale, offered to do equity in regard to payment of the debt for which defendant sought foreclosure, alleging usury therein.  (P. 68.)

**3.—Innocent Purchaser—Notice—Possession.**

Possession of land by tenants of the owner who had conveyed it to another, taking a trust deed to secure purchase money, the transaction being in fact an attempted mortgage of his homestead, conveyed actual notice to a purchaser at the trustee's sale of the rights of the homestead owner and the invalidity of the trust deed and sale.  (P. 68.)

**4.—Case Stated.**

The owner of a homestead, for the purpose of creating a mortgage thereon for borrowed money, executed a deed to a pretended purchaser, taking his note for the amount of the loan as part of the purchase money recited in the deed and secured by vendor's lien.  This note he sold to an innocent purchaser. Afterwards, for the purpose of obtaining an extension of the note, he procured

his grantee to convey to another pretended purchaser and take from him a like vendor's lien note secured by deed of trust, and this the purchaser of the note accepted in lieu of his original note and lien. The land, which remained in possession of the original homestead owner by his tenants, was sold by the trustee on default in payment, and bought in by the holder of the note. In a suit of trespass to try title by the homestead owner against this purchaser, it is held:

(1) That the latter was entitled to be protected in his lien as an innocent purchaser of the note.

(2) The action being trespass to try title and no cancellation of the deed being necessary, it was not barred by limitation in four years.

(3) Possession by the tenants of the homestead proprietor was notice of his rights to the purchaser at the trustee's sale; the trust deed was void; and he was entitled to judgment recovering the land.

(4) The innocent purchaser of the note and lien was entitled to foreclosure against the homestead. (Pp. 67-69.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Chamberlain sued Moore for the recovery of land and had judgment. The defendant, who asserted a vendor's lien upon the land, had judgment for its foreclosure. On appeal by Moore the judgment was affirmed (152 S. W., 195) and he obtained writ of error. There was a previous appeal in this case. (Chamberlain v. Trammell, 131 S. W., 227.)

*Hunter & Hunter,* for plaintiff in error.—The plaintiff's "first supplemental petition" asking a cancellation of the trustee's deed to Worth Moore was not filed until March 26, 1909, nearly seven years after her cause of action accrued for the cancellation of said trustee's deed and for the redemption of said land by payment of the balance of purchase money indebtedness secured by said deed of trust, and said cause of action to cancel said trustee's deed and redeem the land therefrom is and was, at the date of the filing of "plaintiff's first supplemental petition," barred by the statute of limitation of four years and of five years. Fischer v. Simon, 95 Texas, 239, 66 S. W., 447; Swain v. Mitchell, 27 Texas Civ. App., 62, 66 S. W., 61; Marston v. Yaites, 66 S. W., 867; Georgi v. Juergen, 66 S. W., 873; Morris v. Simmons, 138 S. W., 800, par. 5 on p. 803.

*Wm. J. Berne,* for defendant in error.—The four years statute of limitation does not apply to this case. Chamberlain v. Trammell, 131 S. W., 230; 1 Jones, Mortgages, secs. 715, 716; Duke v. Reed, 64 Texas, 715; Hannay v. Thompson, 14 Texas, 142; Loving v. Milliken, 59 Texas, 427.

The deed from the Chamberlains to Carson is void. Chamberlain v. Trammell, 131 S. W., 228; Murchison v. White, 54 Texas, 81; Inge v. Cain, 65 Texas, 79; Hays v. Hays, 66 Texas, 608; McDonald v. Clark, 19 S. W., 1025; Gray v. Shelby, 83 Texas, 405; Dignowity v. Baumblatt, 38 Texas Civ. App., 363, 85 S. W., 834; Campbell v. Crowley, 56 S. W., 374.

Had this case been tried on the original petition and original answer, the latter consisting of only a plea of "not guilty," we could have shown that the land in controversy was homestead when the deed to Carson was executed, said deed was merely a mortgage, and we would then have recovered · the land. Odum v. Menefee, 11 Texas Civ. App., 119; Rivers v. Foote, 11 Texas, 671; Hannay v. Thompson, 14 Texas, 142; McSween v. Yett, 60 Texas, 184; Morris v. Rhine, 8 S. W., 315; Dignowity v. Baumblatt, 85 S. W., 834; Rodriguez v. Lee, 26 Texas, 32; Bumpass v. McLendon, 101 S. W., 491.

When the trust deed executed by Trammell was taken, Trammell was not in possession of the land; plaintiff then had a tenant in the actual physical occupancy of the land; the occupancy of this tenant was notice to Mrs. Moore, Luckett and appellant that plaintiff owned the land. Chamberlain v. Trammell, 131 S. W., 227, 229; Mullins v. Wimberly, 50 Texas, 464; 1 Jones, Mortgages, 7th ed., 950, sec. 587; Bright v. Buckman, 39 Fed., 244; Hawley v. Geer, 17 S. W., 914; Mainwarring v. Templeman, 51 Texas, 205; Davidson v. Green, 27 Texas Civ. App., 394, 65 S. W., 1110; Wimberly v. Bailey, 58 Texas, 222; Smith v. James, 54 S. W., 43; Collum v. Sanger, 98 Texas, 162; Ramirez v. Smith, 94 Texas, 184; Le Doux v. Johnson, 23 S. W., 903; Eylar v. Eylar, 60 Texas, 315; Jinks v. Moppin, 80 S. W., 390; Paris Grocer Co. v. Burks, 99 S. W., 1135.

Mr. JUSTICE YANTIS delivered the opinion of the court.

This suit was instituted in trespass to try title in the District Court of Tarrant County, Texas, April 10, 1906, by Hester E. Chamberlain, the widow of William Chamberlain, who died July 11, 1895. The case was submitted to a jury on special issues. Upon the findings of the jury the District Court entered a judgment in favor of Mrs. Chamberlain for the land, which consisted of 106 acres, situated in Tarrant County, Texas. The District Court also, in the same suit, rendered a judgment in favor of Worth Moore, the plaintiff in error, for the recovery from Mrs. Chamberlain, defendant in error, of the sum of $2578.78, with interest and attorney's fees, with the foreclosure of a vendor's lien which was established by the judgment of the court on said land in favor of the plaintiff in error to secure the payment of said sum. The vendor's lien which was given to secure the payment of the notes was valid, because the purchaser was an innocent purchaser, though it be granted that the sale under the trust deed was void because the purchaser had notice that the Chamberlain and Carson deeds were intended as mortgages. Hurt v. Cooper, 63 Texas, 366. Worth Moore was the owner of the $1600 vendor's lien note, and being an innocent purchaser before maturity of the $1500 note, of which this note was a renewal, still had the legal right to a foreclosure of the lien to enforce the payment of the note together with the interest and attorney's fees. The effect of the defendant in error's supplemental petition, which was filed November 26, 1909, and in which a tender of payment and right to a

foreclosure was made, was to concede this. It was upon this tender that the trial court rendered the personal judgment in favor of Moore, with a foreclosure. The judgment of the District Court was appealed from by Worth Moore, the plaintiff in error. It was decided by the Second Court of Civil Appeals adversely to him. The case was brought to this court on petition of Worth Moore for a writ of error, which was granted.

The findings of the jury established that the land in controversy was the homestead of William Chamberlain and his wife, Hester E. Chamberlain, at the time it was mortgaged by them, as herein related. With the assistance of B. K. Carson they borrowed $1500, and mortgaged the homestead to secure its payment, but Mrs. Lou Sue Moore, the guardian of Worth Moore, who was then a minor, and who furnished the $1500, was not aware that she was making a loan of the money, as she was made to believe that she was purchasing a vendor's lien note, and not loaning money. In order to secure the money Chamberlain and wife executed, on December 20, 1892, an absolute warranty deed to B. K. Carson, and recited in the deed a cash payment by Carson of $3000, and the execution and delivery by Carson to them of his promissory note for $1500, payable in twelve months after date to the order of said William Chamberlain. A vendor's lien on the land was retained to secure the payment of the note. Mrs. Lou Sue Moore, as guardian for Worth Moore, purchased this note as an innocent purchaser before maturity, for which she paid $1500. She had no notice that the deed was in fact intended to be a mortgage. It was established by the findings of the jury, however, that no cash was in fact paid by Carson to the Chamberlains, and that the deed was not intended for an absolute deed of conveyance, but was only intended to be a mortgage. When the $1500 note matured the Chamberlains desired its extension, so they induced Carson to sell the land, which he did, to one Trammell. On February 3, 1894, Carson conveyed the land to Trammell by a warranty deed absolute upon its face, which recited a cash consideration paid by Trammell to Carson of $3000, and a vendor's lien note executed and delivered by Trammell to Carson for the sum of $1600, payable one year from date. This note was also endorsed by Chamberlain. No cash was in fact paid. The note was sold by Carson to Mrs. Lou Sue Moore, who purchased as guardian for her ward, still a minor, Worth Moore. She paid for the note by accepting it in lieu and in satisfaction of the $1500 note which had been executed by Carson. It was merely a renewal of this note. At the time the $1600 vendor's lien note was executed by Trammell, payable to Carson, Trammell also executed a deed of trust as additional security for the payment of said $1600 note. The trust deed provided that upon failure to pay said note the trustee, Luckett, was authorized to sell the land to the highest bidder, after giving notice of such sale "as required in judicial sales," and to apply the proceeds of sale to the payment of the note. On May 6, 1902, Luckett, as trustee, sold the land to said Worth Moore, who was the highest bidder at the

public sale under said deed of trust, and who paid the amount of his bid, $1500, by crediting same on the $1600 note of which he was the owner. Luckett, as trustee, conveyed by deed the land in question on May 7, 1902, to Worth Moore as the purchaser at said sale. The notice which was given by the trustee was by posting it in three public places in Tarrant County. Notice of the sale was not advertised in a newspaper.

It is claimed by the plaintiff in error that the suit as tried was not one in trespass to try title, but was an equity suit to cancel the deed to Worth Moore, plaintiff in error, and that being such a suit it was barred by the four years statute of limitations. We do not think the supplemental petition presented a new cause of action, or that it constituted an action in equity to cancel the deed from Luckett to Moore. The effect of the supplemental petition was merely to tender payment of the $1600 note, interest and attorney's fees, with a foreclosure of the vendor's lien carried by said note. There was no abandonment of the petition in trespass to try title, under whose allegations proof was admissible to show that the land was the Chamberlain homestead, when Moore purchased it with notice of the homestead rights. If the deed to the plaintiff in error which was made by the trustee, Luckett, was void, it could be attacked and proven to be void under the ordinary allegations of a suit in trespass to try title, such as were made in the original petition which was filed April 10, 1906. If, therefore, the deed to the plaintiff in error from Luckett was void there was no necessity for an equity suit to set the deed aside and allow a recovery by Mrs. Chamberlain on her petition in trespass to try title. She was entitled to recover in trespass to try title by proving the deed to the plaintiff in error, Moore, to be void. Not being an equity suit to cancel the deed, but a land suit in fact, the four years statute of limitations would not be applicable, and could not be relied upon by the plaintiff in error in bar of the defendant in error's suit for the land. In a suit for the land where no equity suit is necessary to set aside a deed as a condition precedent to a recovery of the land, the general statutes of limitation which apply to suits for the recovery of real estate apply, and the four years statute of limitations does not apply.

We are of the opinion that the deed of conveyance by the trustee, Luckett, to the plaintiff in error, Moore, was void, and not voidable. When the plaintiff in error purchased the land from the trustee it was in possession of the tenants of the Chamberlains. This placed him upon inquiry, as a matter of law, as to whether the deed from the Chamberlains to Carson, and from Carson to Trammell, were absolute, or were intended only as mortgages. There being no finding that he exercised any diligence by making inquiry, the possession of the tenants constituted actual notice to him that the deeds were intended as mortgages. Ramirez v. Smith, 91 Texas, 191, 59 S. W., 258; Collum v. Sanger Bros., 98 Texas, 162, 82 S. W., 459, 83 S. W., 184. Under the provisions of the Constitution a mortgage, as between the parties

to it and as to others not innocent purchasers, upon a homestead is void, and not voidable. Constitution, sec. 50, art. 16. The deed, therefore, under which the plaintiff in error claims title was void, and being so, the defendant in error was entitled to recover, unless the plaintiff in error's contention that she was barred by the four years statute of limitations should be sustained. This contention is overruled, as the suit was one for the recovery of the land, and not one in equity for cancellation of the plaintiff in error's deed.

Finding no error, the judgments of the District Court and the Court of Civil Appeals should in all things be affirmed, and it is so ordered.

*Affirmed.*