PONDRUM et al. v. GRAY. (Motion No. 7754; No. 955—4786.)*

Commission of Appeals of Texas, Section A. Jan. 4, 1928.

On motion for rehearing. Denied.
For former opinion, see 298 S. W. 409.
See, also, 289 S. W. 79.

HARVEY, P. J. In our original opinion, written by Judge Bishop, it was held that the trial court erroneously excluded the testimony of the witness, A. D. Lipscomb, which tends to show that under the deed from Sam Lee Gray to H. Lawson Gray, bearing date June 23, 1911, the latter held the land in controversy in trust for the use and benefit of the former. If upon another trial this trust be established by sufficient proof, the possession of the land by Puccio, as tenant of H. Lawson Gray, would not operate as notice of title in the latter, other than as trustee, for in that case he would hold no other title, according to the record before us. On the other hand, if the deed above mentioned be found to be effective as an absolute deed, and the trustees of the lumber company made no inquiry of Puccio prior to their purchase, the possession of Puccio affected the lumber company with notice of H. Lawson Gray's ownership of the land under the deed, notwithstanding the latter had deeded the land to Sam Lee Gray in 1908. Moore v. Chamberlain, 109 Tex. 64, 195 S. W. 1135; Harris v. Hamilton (Tex. Com. App.) 221 S. W. 273.

We recommend that all that is said in our original opinion in discussing the contention of the plaintiffs in error to the effect that the trustees for the lumber company purchased

*Rehearing denied February 15, 1928.

without notice of the unrecorded deed from Sam Lee Gray to H. Lawson Gray be withdrawn, and that the defendant in error's motion for rehearing be overruled.

PER CURIAM. On motion for rehearing. Motion for rehearing overruled. We approve the holdings of the Commission of Appeals in its opinion on motion for rehearing.