## LAMAR–DELTA COUNTY LEVEE IMPROVEMENT DIST. NO. 2
### v. DUNN et al.
### No. 1663—6137.

Commission of Appeals of Texas, Section A.
May 31, 1933.

Beauchamp & Lawrence, of Paris, for plaintiff in error.

A. P. Dohoney, of Paris, for defendants in error.

HARVEY, Presiding Judge.

This suit was brought by Henry Dunn and others, the defendants in error, against the Lamar-Delta County Levee Improvement District No. 2, seeking relief by way of damages for injury to lands of the defendants in error which is alleged to have resulted from certain drainage improvements constructed by said district. From a judgment rendered by the trial court in favor of the defendants in error, the levee improvement district appealed to the Court of Civil Appeals. 42 S.W.(2d) 872. The latter court affirmed the judgment of the trial court because the brief of the appellant district did not contain any assignment of error, and the record showed no fundamental error. This action of the Court of Civil Appeals is here for review. We concur in the conclusion that no fundamental error is disclosed by the record, so the only question which requires discussion relates to the absence of assignments of error from the brief filed by the levee improvement district in the Court of Civil Appeals. This question involves the consideration of articles 1757 and 1844 of the Revised Statutes of 1925, as amended in 1931 (Vernon's Ann. Civ. St. arts. 1757, 1844). Article 1757, as amended, became effective April 9, 1931, and reads as follows:

"In all cases appealed to the Court of Civil Appeals and/or taken to the Supreme Court, it shall be sufficient if said briefs contain the following:

"1. A statement as to the nature and result of the suit.

"2. The alleged error or errors upon which the appeal is predicated.

"3. The authorities relied upon.

"4. A statement and/or argument on the errors assigned. Provided, however, that the Supreme Court may adopt rules with reference to the form and time of filing of briefs

generally, but not inconsistent with the provisions hereof."

Article 1844, as amended, became effective 90 days after May 23, 1931, and reads as follows: "The appellant or plaintiff in error need not file assignments of error with the Clerk of the Court below but he may embody in his brief in the appellate court all assignments of error distinctly specifying the grounds on which he relies. All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the Court to the error complained of. The appellee or defendant in error need not file his cross-assignments of error with the Clerk of the Court below but may embody them in his brief filed in the appellate court."

The original article 1844, which was superseded by the amended article last set out, provided as follows: "Before he takes the transcript from the clerk's office, the appellant or plaintiff in error shall file with the Clerk of the Court below all assignments of error, distinctly specifying the grounds on which he relies. Where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error and need not be repeated by filing separate assignments of error. All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the Court to the error complained of."

The transcript in this cause was taken by the appellant from the office of the district clerk on June 11, 1931, and was filed in the Court of Civil Appeals on June 16, 1931. The transcript contains a list of assignments of error which were filed by the appellant in the office of the district clerk on June 11, 1931. The brief of the appellant (the levee improvement district) was filed in the Court of Civil Appeals on August 29, 1931, which was after amended article 1844 became effective. None of the assignments of error appearing in the transcript is embodied in said brief. Although the brief contains a series of abstract propositions of law, none of them is sufficient to constitute a distinct specification of error, or to direct the attention of the appellate court to the error complained of.

It is to be observed that originally article 1844 required assignments of error, as such, to be filed in the office of the clerk of the trial court, but even then no assignment, though incorporated in the transcript, could be considered by the appellate court unless repeated in the appellant's brief. Rule 32,

Court of Civil Appeals; Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844. In this particular respect, the amended statute simply dispenses with the filing of assignments of error, as such, in the trial court, and allows them to be presented, in the first instance, in the appellant's brief in the appellate court. There is no discord between amended articles 1844 and 1757, in the respect under consideration, for the latter statute expressly provides for the briefs to contain "the alleged error or errors upon which the appeal is predicated." This provision plainly comprehends the assignments of error for which provision is made by the other article.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.