## BECK et al. v. BECK.
### No. 13076.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 30, 1934.

Rehearing Denied Jan. 11, 1935.

Fred E. Young, of Amarillo, and Homer B. Latham, of Bowie, for plaintiffs in error.

Benson & Benson, of Bowie, H. N. Dearmore, of Montague, and J. T. Montgomery, of Wichita Falls, for defendant in error.

DUNKLIN, Chief Justice.

E. C. and B. B. Beck, plaintiffs in the trial court, have prosecuted a writ of error from a judgment denying them a recovery against the defendant, O. V. Beck, for a real estate commission which plaintiffs alleged the defendant agreed to pay for procuring a sale to the defendant of seven sections of land in Hartley county, known as the Simmons ranch.

It was alleged in the petition that the defendant informed the plaintiffs that he desired to purchase such a ranch and instructed them to locate one for him, and that, pursuant to said request, plaintiffs did, after inquiry made, ascertain that the Simmons ranch was for sale and so notified the defendant, who then entered into negotiations which resulted in his purchase of the ranch at a price of $9.50 an acre. It was alleged that the defendant contracted and agreed with the plaintiffs that, in the event of such a purchase, he would pay them a commission of 5 per cent. on the purchase price of the land; that the price fixed by the owner for the ranch was $10 an acre, but that the sale was actually made for $9.50 an acre as evidenced by a written agreement by the defendant and S. E. Simmons, independent executor of the estate of R. E. Simmons, and which contract

stipulated that the defendant was to "take care of such commissions as have accrued covering this sale." The amount sued for was $2,240, which was the commission claimed of 5 per cent. of $44,800, the consideration paid for the land by the defendant.

In addition to a general denial, the defendant specially pleaded that, before he agreed to purchase the property, one of plaintiffs agreed with him that, if the defendant purchased the ranch, plaintiffs would not charge defendant a commission. It was further alleged that the stipulation in defendant's contract with Simmons for the purchase of the ranch that he (the defendant) would take care of any commissions accruing from such sale, was made for the special benefit of Simmons, to the end that Simmons might not become liable to the plaintiffs for a commission in procuring the sale.

The following are special issues submitted to the jury with their findings thereon:

"1. Do you find from a preponderance of the evidence that while out at the ranch the defendant, O. V. Beck, agreed to pay plaintiffs a commission of five per cent (5%) on the deal? Answer: No.

"2. Do you find from a preponderance of the evidence that while at the ranch when O. V. Beck negotiated with Simmons concerning the buying of the ranch that Earl Beck expressly agreed that in the event O. V. Beck purchased the ranch that he would knock off or not claim any commission? Answer: No.

"3. Do you find from a preponderance of the evidence that before O. V. Beck and Earl Beck reached the Simmons ranch that Earl Beck agreed with O. V. Beck that in the event O. V. Beck bought the ranch that he would knock off or not claim a commission? Answer: Yes."

Upon those findings of the jury, judgment was rendered that plaintiffs take nothing.

■ In the case of Natkin Engineering Co. v. Ætna Casualty & Surety Co., 37 S.W.(2d) 740, 741, opinion by Judge Critz of the Commission of Appeals, it is shown that now the settled rule of practice is: "Where an appellant or plaintiff in error wholly fails to copy any assignments of error in his brief, the Court of Civil Appeals should confine its consideration of the case to those fundamental errors apparent on the face of the record. Its authority to revise the action of the lower court is limited to those questions (not fundamental) duly assigned as error, and it has no discretion, even though it thinks the ends of justice require such course, to substitute a method of its own for reviewing the judgment of the lower court for that method prescribed by the lawmaking power. While it is not necessary that the assignments required to be filed below should be literally copied into the brief, yet they must be at least substantially reproduced."

The briefs filed by appellants do not embody any assignments of error to any proceedings in the trial court, but ten separate propositions are submitted as showing fundamental error.

According to allegations in plaintiffs' petition, the contract of purchase and sale between Simmons and the defendant was consummated at the ranch in Hartley county, and that plaintiffs were the procuring cause of the sale, and for their services in that connection the defendant agreed to pay them 5 per cent. commission upon the purchase price, or $2,240.

The gist of plaintiffs' suit was for commission earned when defendant contracted to purchase the property, which, according to their pleadings, occurred at the ranch in Hartley county. They relied especially upon the stipulation in the contract of purchase that the defendant was to take care of any commission that might accrue, but further alleged in general terms that, by reason of their services in procuring the purchase, the defendant became bound to them for the commission.

■ An affirmative finding in either issue No. 1 or No. 2 would have entitled plaintiffs to a recovery under their pleadings, and therefore they cannot complain that the submission of them was prejudicial to plaintiffs, even though it could be said that the court should have submitted their request for submission of some other issue involving a right of recovery on some other group of facts. Furthermore, the defendant specially pleaded that plaintiffs agreed with him that, in the event defendant should purchase the ranch, plaintiffs, who were defendant's brothers, would not charge him a commission; and the finding of the jury in answer to that issue was sufficient to defeat plaintiffs' suit, notwithstanding the stipulation in the contract of sale that defendant would take care of any commissions that might accrue. Indeed, testimony in support of that special plea was admissible under the defendant's general denial.

By other propositions, complaint is made of the admission and exclusion of evidence; of refusal of plaintiffs' request for submission of another special issue presenting a fur-

ther theory of recovery; of failure to sustain a special exception to a part of defendant's pleadings; and another alleging misconduct of the jury with reference to a supplemental statement of facts embodying 63 pages of testimony given by the jurors upon the hearing of the motion for new trial.

We believe it quite clear that none of those propositions presents fundamental error, and therefore they are overruled. 3 Tex. Jur. pp. 815, 821, §§ 574, 579.

Accordingly, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

Our original opinion embodies the statement that an affirmative finding on either issue No. 1 or No. 2 would have entitled plaintiffs to a recovery. That was correct in so far as it related to issue No. 1, but not as to issue No. 2, which presented a defense to plaintiffs' suit, based on what was claimed to have occurred at the ranch, and not a theory of recovery by plaintiffs. And, while the defense submitted in issue No. 2 was not sustained by the jury, yet the finding on issue No. 3, in connection with a negative finding on issue No. 1, was a complete defense at all events.

With the foregoing correction of the error above indicated, the motion of plaintiffs in error is overruled.