**STILL et al. v. MOFFETT.**

No. 10184.

Court of Civil Appeals of Texas. Galveston.

April 9, 1936.

J. P. Markham, Jr., of Houston, for plaintiffs in error.

Baker, Botts, Andrews & Wharton, and P. R. Rowe, Jr., all of Houston, for defendant in error.

GRAVES, Justice.

This much of the statement of the Stills in this court is admitted to be substantially correct:

"This was a trespass to try title suit filed by M. F. Moffett, defendant in error, against B. J. Still and wife and Ben I. Still and wife, Ben I. Still being the son of B. J. Still and wife. For convenience, the parties will be referred to herein under the terms plaintiff and defendants, as they were in the trial court.

"B. J. Still and wife, Ivy Juanita Still, filed an answer consisting of a general demurrer and general denial and a special defense, setting up that the lot sued for (being lot No. 10 in block No. 12 of Brookline addition), together with the adjoining lot No. 9, constituted the homestead of these defendants, and that these defendants had conveyed said lot No. 10 to the defendant Ben I. Still, their son, by a conveyance which created certain vendor's lien notes; that said vendor's lien notes had been purchased from these defendants by the Federal Trust Company, and after a default upon notes given by Ben I. Still in extension and renewal of said notes, the Federal Trust Compay had foreclosed under deed of trust upon the property, and had bought it in at the trustee's sale; that thereafter the Federal Trust Company had sold the property to the plaintiff, M. F. Moffett; that the said conveyance from these defendants to Ben I. Still and the said notes and deed of trust were all parts of a simulated transaction between these defendants and Federal Trust Company for the agreed and mutual purpose of effectuating a loan from the Federal Trust Company to these defendants upon their homestead; and that said Federal Trust Company had full notice

and knowledge that said lot No. 10, together with the adjoining lot No. 9, constituted the homestead of these defendants.

"The defendants likewise set up a cross-action, repleading the homestead contentions, and making the Federal Trust Company a party, seeking to have set aside the several deeds, and deed of trust referred to in the answer. Upon general demurrer, the Federal Trust Company was dismissed from the suit, defendants reserving an exception to this action of the court. At the conclusion of the trial, defendants took a nonsuit as to their cross-action.

"By amended pleadings, defendants added to their previous pleadings, allegations that plaintiff had notice, or was chargeable with notice, and was estopped to deny having notice, of the use and occupancy of the property concerned in the suit by defendants B. J. Still and wife, as their homestead. Also, by amended pleadings, plaintiff added to his previous pleadings allegations of good faith, estoppel against defendants, abandonment of homestead, and limitations.

"Upon the trial plaintiff introduced documents including the above-mentioned several deeds and deed of trust. Defendants introduced evidence showing the improvements upon the property (both lot No. 9 and lot No. 10) and the use to which such property had been put.

"Upon the conclusion of the evidence, the trial court overruled defendants' motion for an instructed verdict, and sustained plaintiff's motion for an instructed verdict. Judgment was rendered accordingly, and defendants have perfected this appeal."

Since Ben I. Still and his wife, Louise, although they entered their appearance below, filed no answer, the issues on the appeal are between B. J. Still and wife as plaintiffs in error, who will be hereinafter referred to as the Stills, and the defendant in error, M. F. Moffett, who will be referred to as Moffett.

Consideration of the Stills' brief, inclusive of all its propositions, is objected to by Moffett for the reasons and upon the authorities thus cited:

"(1) There are no assignments of error in said brief as required by article 1844 of the Revised Civil Statutes of Texas, as amended in 1931 [chapter 75, § 1 (Vernon's Ann.Civ.St. art. 1844)]; and the record presents no fundamental error. Lamar-Delta County Levee Improvement District No. 2 v. Dunn, 61 S.W.(2d) 816 (Commission of Appeals); Commercial Credit Co. v. Williams, 87 S.W.(2d) 499 (Eastland Court of Civil Appeals).

"(2) The propositions in said brief are not predicated upon any assignment of error. Columbian Nat. Fire Ins. Co. v. Dixie Co-op. Mail Order House, 276 S.W. 219 (Commission of Appeals); Commercial Credit Co. v. Williams, supra.

"(3) The propositions in said brief constitute merely a series of abstract propositions of law, and none of them constitute a specification of error sufficient itself to be considered an assignment of error. Lamar-Delta County Levee Imp. Dist. No. 2 v. Dunn, supra; Wingart v. Baxter, 30 S.W.(2d) 522 (Galveston Court of Civil Appeals—application for writ of error denied by Supreme Court); Lord v. Hatcher, 83 S.W.(2d) 758 (Galveston Court of Civil Appeals—application for writ of error dismissed by Supreme Court)."

An examination of the record verifies the statements of fact made in these objections in each instance, and the cited authorities respectively support each and all of them as being well taken; wherefore, none of the propositions are entitled to consideration at the hands of this court.

Since all of the propositions are pure abstractions having no concrete application to the parties and issues with which this cause had to do, it is not deemed essential that others of them be set out, but since the third one presents the heart of the contention for a reversal here of the judgment rendered below, it is thus quoted in full:

"Where real estate is in possession of persons who have conveyed the property by deed, absolute in form, but intended as a mortgage which deed is recorded, but the grantors have remained continuously in possession, and the purchaser of the record title fails to make inquiry of the occupants as to what are their claims in the land, the purchaser is charged with notice that the recorded deed from the occupants was intended as a mortgage, and cannot, even as an innocent purchaser, recover the land against homestead claims of the occupants."

This presentment, in the undisputed state of the record, if it were considered, furnishes no ground for a disturb-

ance of the trial court's judgment, for the outstanding reason, among others, that there is no evidence whatever that the conveyance from Mr. and Mrs. B. J. Still to Ben Still was simulated, it otherwise at the same time undisputedly appearing that Moffett acquired title under a foreclosure of the trust deed securing the purchase-money notes Ben Still had executed in connection with that conveyance; that being the uncontroverted state of the evidence, no other action than the peremptory instruction given would have been proper. Brewster v. Davis, 56 Tex. 478; Price v. Seiger (Tex.Com.App.) 49 S.W.(2d) 729; 22 Texas Jurisprudence, p. 162; 29 Texas Jurisprudence, p. 804.

 The mere abstract character of the quoted proposition (as indeed of all the others along with it) is made plain by its recitation "but intended as a mortgage," when, as just stated, there was no evidence whatever that this deed of the elder Stills was so intended, despite the fact—under the last-cited authorities—that the burden was upon them to so show; indeed, they nowhere in their brief even claim or assert that there was any evidence that such deed constituted a simulated transaction—rather do they, considering that showing not material or necessary as coming from them, rely for their whole case on the well-recognized principle of law that persons dealing with land are put upon inquiry as to the interest, if any, of those in possession thereof, citing in support of it such cases as Ramirez v. Smith, 94 Tex. 184, 59 S.W. 258; Collum v. Sanger Bros., 98 Tex. 162, 82 S.W. 459, 83 S.W. 184; Moore v. Chamberlain, 109 Tex. 64, 195 S.W. 1135; this position completely ignores —as applicable to the stated absence here of any showing whatever of simulation in the transaction—the equally well-established principle that when the party proposing to deal with land finds outstanding a deed duly executed by the one in possession, he is not bound to make further inquiry, but is protected in and entitled to rely upon that deed as divesting the entire interest thereby conveyed of those in possession; especially is this principle controlling where the outstanding deed is of record, as was that of the Stills in this instance; the authorities upon this question are overwhelming, as this collation thereof demonstrates: Eylar v. Eylar, 60 Tex. 315, 318; Guaranty Bond State Bank v. Kelley (Tex.Com.App.) 13 S. W.(2d) 69; Little v. Shields (Tex.Com. App.) 63 S.W.(2d) 363; Moore v. Chamberlain, 109 Tex. 64, 195 S.W. 1135; National Bond & Mortgage Corp. v. Davis (Tex.Com.App.) 60 S.W.(2d) 429; Ramirez v. Bell (Tex.Civ.App.) 298 S.W. 924, writ of error refused by Supreme Court.

 While the conclusion just stated is fatal to the case attempted to be made by the Stills, the further fact that there was no evidence whatever tending to show that either the Federal Trust Company or Moffett himself had any knowledge or notice of there having been any such simulation as the Stills alleged in their pleading, would by itself defeat the latter's case, since both the trust company and Moffett were each in turn shown to have been innocent purchasers, having respectively bought the property without notice of any claimed simulation and for a valuable consideration, the mere continued possession of the Stills—although they may have known of it—not having been sufficient to charge either of them with notice or knowledge of any adverse claim to the property on the part of the Stills; these authorities sustain that conclusion: Little v. Shields, National Bond, Etc., v. Davis, both supra.

Further discussion being deemed unnecessary, the judgment of the learned trial court will be affirmed.

Affirmed.