**NATIONAL LIFE & ACCIDENT INS. CO.
v. PATTERSON et al.**

No. 13332.

Court of Civil Appeals of Texas. Fort Worth.

April 10, 1936.

Rehearing Denied May 15, 1936.

190

James D. Buster, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellees.

BROWN, Justice.

This cause was transferred from the Dallas Court of Civil Appeals to this court, by order of the Supreme Court, to equalize the dockets of the Courts of Civil Appeals, in June, 1935. The cause was set for submission for February 5, 1936, and proper notice served on the attorneys for the respective parties.

On January 14, 1936, counsel for appellant prepared and filed before us a motion to postpone submission, alleging that he was suffering from a fractured foot, injured December 7, 1935, and that this injury rendered him physically unable to brief the case or appear and argue the same on February 5, 1936, and we granted this motion on January 24, 1936, and extended the time for the submission of this cause from February 5 to March 27, 1936.

Counsel for appellant did not procure the record from the clerk of this court, but briefed the case without the record, and on March 24, 1936, prepared and submitted to the clerk of this court, for filing, a second motion, requesting that the submission of the cause be again postponed in order to give appellee time within which to reply to appellant's brief. This motion, together with four copies of the proposed brief for appellant, was received by the clerk of this court on March 25, 1936. This second motion for postponement recites, in substance, that counsel for appellant has just delivered, on March 24, 1936, to counsel for appellee a copy of his twelve-page typewritten brief, and that in his opinion appellee does not have sufficient time to reply to the brief before submission day, March 27, 1936. The motion says that appellant was prevented from preparing the brief "by reason of having heretofore sustained a fractured ankle, which, up to and until two (2) weeks ago, caused attorney for appellant to walk with the support of crutches, and that said attorney has not been physically able to give proper attention and care to his cases or office duties as a result thereof."

As pointed out above, the motion was one to postpone submission and there was

no motion to be permitted to file briefs for appellant.

■ The statutes (Vernon's Ann.Civ.St. art. 1757) and rules covering the preparation and filing of briefs are as much for the benefit of the courts as for litigants. And it is manifestly the duty of an appellant to prepare and have his brief in the hands of the opposing counsel and filed in the appellate court within a reasonable time before the cause is submitted, and the statute clearly contemplates the necessity for showing good cause why a brief has not been prepared and filed before the court is warranted in permitting same to be filed.

■ When we gave counsel the additional time shown, at his request and upon his motion, we feel that, under the facts in this record, he should have briefed his case within that time. An examination of the record shows that from the time of counsel's injury up to the 1st day of March, 1936, 84 days elapsed, and there is nothing in either motion to indicate that counsel suffered any complications because of his fracture, and it occurs to us that his suffering must have ceased before the end of twelve weeks. In his last motion, he admits that he discarded his crutches about March 10th. We do not believe that counsel has shown good cause for postponing the submission of this case.

We shall now turn to an inspection of appellant's brief which accompanied his motion to postpone. The brief does not contain one single assignment of error designated as such.

In the case of Lamar-Delta County Levee Improvement District v. Dunn, 61 S.W.(2d) 816, the Commission of Appeals, construing the amended statutes controlling briefs, holds distinctly that the brief must contain the assignments of error upon which the appeal is predicated, and further holds that if the brief contains propositions, those that are mere abstract propositions of law are not sufficient, and that a proposition to be sufficient for consideration must constitute a distinct specification of error.

■ Appellant's first proposition is as follows: "Where the overwhelming evidence, showing that appellee was suffering from a gonorrheal infection, is predominate over the jury finding to the effect that appellee was not suffering from a venereal disease, to wit, gonorrheal infection, the trial court should have entered judgment in favor of appellant. A judgment otherwise was erroneous and constitutes reversible error."

In the first place, this is not a correct proposition of law, in that "predominate" means nothing more than a controlling influence over, and the proposition is tantamount to saying that the finding of the jury is against the preponderance of the evidence, or against the great weight of the testimony; both assertions meaning one and the same thing. This being true, the assertion in the proposition that the trial court should have entered judgment in favor of the appellant could not be the law. But if the trial court felt that the verdict of the jury was contrary to the preponderance of the evidence, the trial court should have set the verdict of the jury aside.

■ In the second place, the statement under this proposition is wholly inadequate, in that there is no finding of the jury set forth therein whereby the court may be advised as to actual finding made, which is complained about.

■ We are not required to search the record, in the absence of a clear and distinct statement, to ascertain whether or not the act, or ruling, or thing took place, of which the complaint is made. Texas Indemnity Ins. Co. v. Dean (Tex.Civ.App.) 77 S.W.(2d) 748.

■ But doing that which we are not required to do, we searched for the verdict of the jury and find that the jury made no such finding as is complained about in the proposition. The jury found that the plaintiff's illness was not the *result* of a gonorrheal infection, and did not find that the plaintiff was not suffering from a venereal disease.

■ The second proposition is as follows: "Where the findings of the jury were contrary to the overwhelming, if not conclusive preponderance of the evidence, the trial court should grant a new trial upon that ground if requested by the appellant in the trial court."

This proposition is a mere abstraction, and the statement thereunder is wholly insufficient.

■ The third proposition is as follows: "Where the judgment of the trial court is without support of evidence or is contrary to the evidence it should be set aside upon motion made in the trial court for that purpose."

This proposition is a mere abstraction, and the statement supporting it is wholly insufficient.

The fourth proposition is as follows: "Reversible error was committed by the trial court in permitting Dr. J. A. Swafford to testify, over the objection of the appellant, that appellee had a life expectancy of from one to twenty years. Said evidence was prejudicial, inflammatory and not supported by either facts or law."

This proposition is entirely too general for consideration. The mere statement that the evidence referred to "was prejudicial, inflammatory and not supported by either facts or law" constitutes a mere conclusion, and is not sufficient to show any injury done to the appellant because of the admission of the doctor's testimony. The statement under it is wholly insufficient and refers to no bill of exceptions and to no exception made by appellant to the testimony when offered.

The fifth proposition is as follows: "The court committed reversible error in submitting special issue number four to the jury as to whether or not plaintiff's illness, if any, was permanent or temporary, said issue not being raised by the evidence or pleading and unwarranted by any of the provisions of the policies in question."

No effort is made in the proposition to show how the appellant could have been, or was, injured by reason of the submission of such an issue. The statement supporting the proposition does not copy the issue and the answer of the jury, and does not point out any objection made by the appellant to its submission. The statement is wholly insufficient.

The sixth proposition is as follows: "The submission of special issue number six to the jury constitutes reversible error in that it is unwarranted by the pleadings, evidence, law and the provisions of the policies in question."

This proposition does not purport to show how any injury was suffered by appellant by reason of the submission of the issue, or by the answer of the jury thereto. Whatever exception was taken to the submission of the issue has not been shown in the statement supporting the proposition, and no definite reference to the page in the transcript where the objection may be found is given in the brief.

The seventh proposition is as follows: "Where the verdict of the jury is contrary to the great preponderance of credible testimony the trial court should enter a judgment to the contrary notwithstanding the finding of the jury if requested by proper motion."

In the first place, this proposition is not a correct statement of the law, and is subject to the same criticism urged against the first proposition above, and the statement supporting it is wholly insufficient.

As was held by Chief Justice Dunklin, in Beck v. Beck, 77 S.W.(2d) 910, in the absence of assignments of error in appellant's brief, the Court of Civil Appeals must confine its consideration of the case to those fundamental errors apparent on the face of the record.

We find no fundamental error on the face of the record, and the judgment of the trial court will be affirmed, inasmuch as appellees have tendered briefs in the cause.

Affirmed.

## On Motion for Rehearing.

In calling attention to the fact that counsel for appellant briefed his case without calling for the record filed in this court, we did not intend to convey the idea that counsel had no record or data from which to prepare his brief. We are not unaware of the custom and practice, in some counties, of briefing causes from the copies of the transcript and statement of facts, that are made and filed in the offices of the clerks of trial courts. We know that counsel resorted to such copies in preparing his brief.

We do not think this is good practice, for the obvious reason that we are confined to the record filed before us, and if there are any discrepancies, or omissions, we are bound by the record in the Court of Civil Appeals.

This court committed no error in denying a further postponement of submission of this cause, for two reasons: (1) Counsel has had ample time within which to brief the case, and has shown no mental inability to prepare a brief caused by his fractured foot; that being the only incapacity suffered by counsel. (2) Because appellee filed briefs, and there was no occasion to give further time.

We have shown counsel the courtesy that the occasion demanded, when we granted him about sixty days' extension of time, on his first motion for postpone-

ment. Counsel waited until three days before the day to which his cause was postponed before he furnished opposing counsel a copy of his brief and made a new motion requesting further postponement. In that motion no great physical suffering, such as is calculated to render counsel unfit to properly prepare his brief, is hinted at. Counsel is somewhat caustic in his assertions with reference to our right to indulge in any prognosis with respect to his fracture. It is true that we are not physicians, but we have had human experiences and have learned some things as we have spent our years, and we know, as well as does any physician, that in the absence of a terrific injury, or complications, no mere fractured foot gives great pain or mentally incapacitates the average man for twelve weeks.

Had we granted the second extension of time, in fairness to the other litigants, who have the right to be heard "in turn," and to whom "the law's delay" is irksome, we would have heeled counsel's cause and the appellee would have been compelled to await eight or ten months before the cause could have been heard.

We considered appellant's brief. We did not decline to consider it, as we might have done, because of the delay in presenting the briefs, and because of what, to our minds, shows no "good cause" for not preparing and presenting same sooner.

Our original opinion is amply supported by authorities. There being no assignment of error in appellant's brief, it remained for us to examine his "propositions" and see if any one of them proved to be sufficient as "a distinct specification of error." All this we did.

We note the several authorities cited in appellant's motion, but also note that no mention is made of the opinion by the Commission of Appeals in the case of Lamar-Delta County Levee Imp. Dist. No. 2 v. Dunn et al., 61 S.W.(2d) 816. The identical question before us was presented in that case. The sole question at issue there is at issue here. The Commission of Appeals in no uncertain language said: "None of the assignments of error appearing in the transcript is embodied in said brief. Although the brief contains a series of abstract propositions of law, none of them is *sufficient to constitute a distinct specification of error, or to direct the attention of the appellate court to the er-*ror complained of.*" (Italics ours.) This language is plain. It cannot be misunderstood. The Court of Civil Appeals for the Sixth Supreme Judicial District found nothing to consider, except fundamental error in that case, and we find nothing to consider here, other than fundamental error. This we do not find in the case. Geer v. Union Central Life Ins. Co. (Tex.Civ. App.) 91 S.W.(2d) 1146 (writ dismissed).

The motion for rehearing is overruled.