## STEELE v. WELLS.
### No. 3540.

Court of Civil Appeals of Texas. Beaumont.
Nov. 17, 1939.

Rehearing Denied Nov. 29, 1939.

C. W. Wiedemann and David E. O'Fiel, both of Beaumont, for appellant.

McDougald & Beck, of Beaumont, for appellee.

COMBS, Justice.

This is a suit for damages for personal injuries. Appellant, William Steele, was plaintiff and appellee, W. C. Wells, was defendant in the trial court and we will refer to these parties as plaintiff and defendant.

At the time of his injury plaintiff was a W. P. A. worker, employed on a project near the town of China, which project was sponsored by Jefferson County and the work was being done by the W. P. A.

County commissioner, Ben Shipley, in whose precinct the work was being done, contracted with defendant W. C. Wells to furnish a truck and driver to transport the workers to and from the place of work and do such other hauling in connection with the project as those in charge of it might from time to time order the truck to do. In accordance with that contract, which was oral, defendant furnished the truck in question with J. L. Kight as driver. On February 2, 1936, while the truck with Kight as driver was hauling a load of W. P. A. workers, including plaintiff, from the place of work to the W. P. A. headquarters in Beaumont, the truck was overturned and plaintiff sustained serious personal injuries. The evidence raised certain issues of negligence against the driver of the truck. However, the trial court instructed a verdict in favor of the defendant on the theory that under the undisputed evidence Kight, driver of the truck, was not the employee of defendant Wells at the time of the accident. The sole question involved on this appeal is the correctness of that ruling. On that issue the evidence is without material conflict. The driver of the truck J. L. Kight was in the employ of the defendant W. C. Wells. He lived on defendant's premises and defendant paid him his wages for driving the truck. The truck and driver were hired to Shipley for a consideration of ten dollars ($10) per day, the contract being that the truck and driver would be under the orders and subject to the control and direction of the W. P. A. authorities. The driver and truck reported at W. P. A. headquarters each morning. There the W. P. A. project superintendent or one of his assistants supervised the loading of the workers on the truck and gave the workers and the driver of the truck instructions with reference to the W. P. A. regulations; they were instructed how the workers were to board and leave the truck, the speed with which the truck was to be driven, the place the truck was to go, and the route to be traveled. After the men were loaded, the project superintendent would get in his car and drive ahead with instructions to the truck driver to follow after him. On the day of the accident the men quit work at about four o'clock. The workers were loaded on the truck under the supervision of A. H. Blaylock, assistant project superintendent, for their return to headquarters in Beaumont. After they were loaded Mr. Blaylock drove ahead

and instructed the truck driver Kight to follow him. While the truck was rounding a curve near the town of China, it was overturned and the plaintiff was injured. It appears from the testimony of all of the witnesses, including the plaintiff, that the defendant never came out to where the work was being carried on, or gave any instructions on the job to the truck driver.

### Opinion

 Under the undisputed facts as we view them, the truck driver Kight was the servant of the W. P. A. authorities, and not the servant of defendant Wells with respect to the performance of the services in which plaintiff's injury occurred. True, Kight was in the general employ of the defendant who hired him and paid his wages. But an automobile or truck and its driver may be loaned or hired to another for special services in the performance of which the driver will become the servant of the latter with the legal consequences of that relationship, even though he remain in the general employ of the owner of the vehicle. This principle is too universally accepted and too well recognized by the Texas Courts to require elaborate discussion. 5 Tex.Jur. 572; 39 C.J. 1461; Note: 42 A.L.R. 1416; Krausse v. Decker, Tex.Civ.App., 57 S.W.2d 1124; Maryland Cas. Co. v. Donnelly, Tex.Civ. App., 50 S.W.2d 388. In determining whether the general or the special employer is liable for damages caused by the negligent acts of the servant in cases such as this the right of control as fixed by the contract of employment is the criterion. 42 C.J. 1097; Baldridge v. Klein, Tex.Civ. App., 56 S.W.2d 897; City of Grandview v. Ingle, Tex.Civ.App., 90 S.W.2d 855. The principle is thus stated in 42 C.J. 1097;

"Where the owner of a motor vehicle transfers it with its driver to the service of a third person, liability as between him and the third person for the negligent acts of the driver in operating the vehicle depends upon which of them has at the time the right to control the driver in the performance of his duties not merely as to the result to be reached but as to the method of reaching the result."

In view of these well recognized principles we think it cannot be questioned that the truck driver was the servant of the W. P. A. authorities. Under the contract W. P. A. had the exclusive right to control the manner in which he operated the truck in question while performing the duties of the special employment. This included instructions and supervision as to the manner in which the workers were to be loaded on the truck, the place they were to be transported to, the route to be traveled, and the speed at which the truck was to be operated. The truck owner Wells had no right of control with respect to such matters. That all parties so construed the contract is shown by the fact that Wells did not attempt any control of the driver while on the job, while the W. P. A. authorities' did exercise strict supervision and control of the truck driver and were doing so at the very time the plaintiff received his injury. It follows as a matter of law that the defendant was not liable for the negligent act of the truck driver, and the trial court properly instructed the verdict.

Judgment affirmed.