**REF–CHEM CORPORATION, Appellant,**

v.

**EL PASO PRODUCTS COMPANY et al.,**
**Appellees.**

No. 6353.

Court of Civil Appeals of Texas,
El Paso.

Feb. 27, 1974.

Rehearing Denied March 27, 1974.

Kerr, Fitz-Gerald & Kerr, William L. Kerr, Midland, for appellant.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, Inc., Perry D. Davis, Jr., Warren Burnett, Associated, Wm. Ruff Ahders, Odessa, Carl Steckelberg, Midland, for appellees.

## OPINION

PRESLAR, Chief Justice.

This case involves an indemnity contract on which summary judgment was granted the indemnitee, El Paso Products Company, against the Ref-Chem Corporation, the indemnitor. We are of the opinion that the summary judgment was improper because a fact question exists as to whether the injured workman was an employee of Appellant, Ref-Chem Corporation, or El Paso Products Company. We will refer to the parties as "Rem-Chem," Appellant, and the Appellee, El Paso Products Company, will be referred to as "El Paso."

Ref-Chem, as contractor, and El Paso, as owner, were parties to a contract whereby Ref-Chem was to do certain maintenance work on premises of El Paso. The indemnity agreement is contained in that contract and the pertinent part provides:

"Contractor agrees to indemnify and hold harmless Owner, its officers, employees and agents from and against any and all claims, demands and causes of action asserted by Contractor, its officers, agents, employees, subcontractors, or by any member of the public, and against any and all judgments in respect thereto, on account of bodily injury or death, or on account of property damage arising out of or in connection with the work done hereunder by Contractor, its officers, employees, agents, or subcontractors, howsoever caused, except for such injury, death or property damage to any member of the public caused by the negligence of Owner, its officers, employees or agents without contributory negligence on the part of Contractor, its officers, employees, agents or subcontractors."

One Jack Bryant, a general employee of Ref-Chem, sued El Paso for personal injuries he sustained while working on the premises of El Paso. El Paso then filed a third-party action against Ref-Chem, seeking recovery under the indemnity provision over and against it for any damages which might be recovered by Bryant. El Paso subsequently filed a motion for summary judgment which was granted by the trial Court. This judgment decreed that in the event that Bryant received any judgment against El Paso, it would be entitled to indemnity over and against Ref-Chem for the amount of such judgment. Thereafter the case proceeded to trial on Bryant's claim against El Paso, and on the second day of trial it was announced that an

agreed settlement had been arrived at by which Bryant would be paid the sum of $91,922.00, and a judgment was entered based on the settlement. This final judgment further provided that El Paso was entitled to indemnity over and against Ref-Chem for that sum. It is from this judgment that Ref-Chem has perfected this appeal.

As movant for summary judgment, El Paso had the burden to establish as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of its cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). As we view the record, El Paso did not meet that burden for the summary judgment proof leaves a fact issue as to whether Bryant was a general employee of Ref-Chem at the time of the accident or a special employee of El Paso at such time.

Bryant's suit is against El Paso only, and the only negligence alleged is that of El Paso, so that the question arises as to whether the parties by their contract intended to save the indemnitee, El Paso, harmless from liability for its own negligence. The general rule in Texas is that a contract of indemnity will not afford protection to the indemnitee against the consequences of his own negligence unless the contract clearly expresses such an obligation in unequivocal terms. Fireman's Fund Insurance Company v. Commercial Standard Insurance Company, 490 S.W.2d 818 (Tex.Sup.1972); K & S Oil Well Service, Inc. v. Cabot Corporation, Inc., 491 S.W.2d 733 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.). And see Spence & Howe Construction Company v. Gulf Oil Corporation, 365 S.W.2d 631 (Tex.Sup. 1963); Ohio Oil Company v. Smith, 365 S.W.2d 621 (Tex.Sup.1963).

We construe the contract as clearly providing indemnification for El Paso's own negligence, but it is equally clear that such coverage is only for claims of Ref-Chem, its agents and employees, or where the claim arises out of the work being done by Ref-Chem. Indemnification is provided El Paso against claims "asserted by Contractor, its officers, agents, employees" or by "any member of the public" for claims "arising out of or in connection with the work done hereunder by Contractor, its officers, employees, agents." The "except" clause eliminates claims of the general public where only the negligence of El Paso is involved and clarifies the above construction of the indemnity agreement.

The claim asserted in this case is based on the sole negligence of El Paso so that it was necessary for El Paso to establish either that the claim was by an employee of Ref-Chem, or that it arose out of the work being performed by Ref-Chem, in order to bring itself within the terms of the contract. Either was a necessary element of El Paso's cause of action which it had to establish as a matter of law to be entitled to the summary judgment. Such proof was also made necessary by an affirmative defense pleading of Ref-Chem that the claimant Bryant was El Paso's own employee under the borrowed servant doctrine. In our view there was some evidence in support of the borrowed servant affirmative defense, so it became El Paso's burden, as movant, to overcome that defense as a matter of law.

Bryant was employed by Ref-Chem as a helper to a pipe fitter by the name of Bud Raley. As a two-man crew they did repair and maintenance work about the El Paso chemical plant complex and had been doing it for some fourteen months prior to the accident in question. Ordinarily the superintendent of the El Paso operation issued a "work order" for each job to be performed and by the chain of command of El Paso personnel that order came down to Raley and Bryant. Each testified by deposition that they had El Paso supervisors who, said Bryant, "called the shots," and "we done what they told us to do."

On the occasion of the accident they were called on to repair a leaking plastic pipe containing an acid. When Bryant attempted to loosen a union on the pipe, the pipe ruptured and sprayed acid in his face and caused him to fall from the elevated area in which he was working. In addition to his other testimony, claimant Bryant was asked the following question:

"Q And so far as supervision and control that was being exercised of you and at the instant of the accident, this was entirely satisfactory that you were going to do it under the supervision and control and direction of the gentleman in the chain of command with the El Paso Products Company.

A Yes sir."

The contract between Ref-Chem and El Paso provided:

"It is expressly understood and agreed that in the performance of the work contemplated by this agreement, Ref-Chem Company is and shall be an independent contractor and is and shall be solely responsible for the means, method and manner of performing said work, . . ."

But it is well settled that a servant though in the general employment of one master may be temporarily loaned to another. Magnolia Petroleum Co. v. Francis, 169 S.W.2d 286 (Tex.Civ.App.—Beaumont 1943, writ ref'd); Steele v. Wells, 134 S.W.2d 377 (Tex.Civ.App.—Beaumont 1939, writ ref'd). The solution of the question of whether a general employee of one employer has in a given instance become the special or borrowed employee of another was set forth in Producers Chemical Company v. McKay, 366 S.W.2d 220 (Tex.Sup. 1963), and was quoted with approval in J. A. Robinson Sons, Inc. v. Wigart, 431 S.W.2d 327 (Tex.Sup.1968):

"Solution of the question rests in right of control of the manner in which the employees perform the services necessary to accomplishment of their ultimate obligation. If the general employees of one employer are placed under control of another employer in the manner of performing their services, they become his special or borrowed employees. If the employees remain under control of their general employer in the manner of performing their services, they remain employees of the general employer and he is liable for the consequences of their negligence."

Under the record in this case it cannot be said that El Paso met its summary judgment burden of establishing as a matter of law that the claimant Bryant at the time of the accident was an employee of Ref-Chem or that he was not a special or borrowed servant of El Paso. It follows that the trial Court erred in granting a summary judgment.

We find Appellant's point of error as to the statute of limitations to be without merit and the same is overruled. We find it unnecessary to pass on the remaining points of error.

The judgment of the trial Court granting summary judgment is reversed as is that portion of the final judgment based thereon which permitted recovery by the Appellee, El Paso Products Company, against Appellant, Ref-Chem Corporation, and the cause as to these parties is remanded for trial.

OSBORN, Justice (concurring in result).

I concur in the results reached by the majority in remanding the case to the trial Court, but do so without deciding that the contract clearly provides indemnification for El Paso's own negligence under the holdings in Joe Adams & Son v. McCann Construction Company, 475 S.W.2d 721 (Tex.Sup.1971); and Fireman's Fund Insurance Company v. Commercial Standard Insurance Company, 490 S.W.2d 818 (Tex.Sup.1972).